# Exhibit A

*

1 | Gary J. Bradley, Esq., State Bar No. 144055
*gbradley@bglawyers.com*
2 | John K. Flock, Esq., State Bar No. 200183
*jflock@bglawyers.com*
3 | Laura M. LeFeuvre, Esq., State Bar No. 291964
*LLeFeuvre@bglawyers.com*
4 | BRADLEY & GMELICH
700 North Brand Boulevard, 10th Floor
5 | Glendale, California 91203-1422
Telephone:    (818) 243-5200
6 | Facsimile:    (818) 243-5266

7 | Attorneys for Plaintiff, THE PERFECT EVENT
INC., dba EXTREME ENTERTAINMENT

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 2 0 2014

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11 | THE PERFECT EVENT INC., a California Corporation dba EXTREME
12 | ENTERTAINMENT,

Case No.: **BC 549408**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**

13 | Plaintiff,

14 | vs.

15 | KOREY BOSWORTH an Individual; TODD DIAMOND an Individual; THE
16 | NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a
17 | Wisconsin Corporation; SUPREME GREEKS dba SD GREEK LIFE, a business entity, form
18 | unknown; and DOES 1 through 50, Inclusive,

19 | Defendants.

1. **MISAPPROPRIATION OF TRADE SECRETS - STATUTORY;**
2. **MISAPPROPRIATION OF TRADE SECRETS - COMMON LAW;**
3. **UNFAIR COMPETITION - STATUTORY;**
4. **UNFAIR COMPETITION - COMMON LAW;**
5. **BREACH OF WRITTEN CONTRACT;**
6. **BREACH OF IMPLIED CONTRACT;**
7. **CONVERSION;**
8. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC**
9. **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**
10. **BREACH OF DUTY OF LOYALTY;**
11. **CONSPIRACY;**
12. **VIOLATION OF COMPUTER FRAUD AND ABUSE ACT;**
13. **TRADEMARK INFRINGEMENT;**
14. **BREACH OF FIDUCIARY DUTY;**
15. **BREACH OF SUITABILITY;**
16. **VIOLATION OF INVESTMENT ADVISOR'S ACT;**

27 | **DEMAND FOR TRIAL BY JURY**

28 | Plaintiff THE PERFECT EVENT INC., dba EXTREME ENTERTAINMENT ("Plaintiff"

**EXHIBIT A**

18

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

BRADLEY & GMELICH

1   or "Extreme") hereby files its Complaint against KOREY BOSWORTH; TODD DIAMOND;

2   THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, and SUPREME GREEKS

3   dba SD GREEK LIFE (collectively "Defendants"), as follows:

4                             **JURISDICTION AND VENUE**

5       1.     This judicial district is the proper venue for this action because a written

6   agreement upon which this Complaint is based required performance in this judicial district, and

7   the wrongful acts underlying this action were committed in this judicial district. The State of

8   California has jurisdiction over Defendants because each resides or conducts business in the State

9   of California, and their wrongful conduct occurred and continues to date in the State of

10   California.

11                                **THE PARTIES**

12       2.     Plaintiff THE PERFECT EVENT INC., dba EXTREME ENTERTAINMENT

13   ("Plaintiff" or "Extreme") is a corporation duly organized under the laws of the State of

14   California. Extreme is authorized to conduct business in California.

15       3.     Plaintiff is informed and believes that Defendant KOREY BOSWORTH

16   ("Bosworth") is an individual residing in the County of Los Angeles, State of California, who

17   conducts business in California as a co-owner of SUPREME GREEKS dba SD GREEK LIFE

18   ("Supreme Greeks") operating in the County of San Diego, State of California. Bosworth also

19   conducts business in California as a financial representative for NORTHWESTERN MUTUAL

20   LIFE INSURANCE COMPANY ("Northwestern"), at 515 S Flower St Fl 33, Los Angeles, CA

21   90071-2201 in the County of Los Angeles, State of California.

22       4.     Plaintiff is informed and believes that Defendant TODD DIAMOND ("Diamond")

23   is an individual residing in the County of San Diego, State of California. Diamond was an

24   employee of Extreme until his resignation on or about January 15, 2014, at which time Plaintiff is

25   informed and believes that he became an equity partner of Supreme Greeks.

26       5.     Plaintiff is informed and believes that Defendant Northwestern is a corporation

27   duly organized under the laws of the State of Wisconsin. Northwestern is authorized to conduct

28   business in California, and its agent for service of process is located at 1425 River Park Drive,

*BRADLEY & GMELICH*

EXHIBIT A
19   2

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  Suite 100, Sacramento, California 95815, in the County of Sacramento, State of California.

2  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Bosworth

3  had an agency relationship with Northwestern, and Northwestern placed him in a position of trust

4  and confidence, and provided him authority to elicit information from Plaintiff.

5      6.      Each of Northwestern's principles, managers, and managing agents authorized,

6  ratified and/or directly participated in the acts alleged herein.

7      7.      Plaintiff is informed and believes that Defendant Supreme Greeks is a business

8  entity, form unknown, and is authorized to do business in the State of California. Each of its

9  principles, managers, managing agents, authorized, ratified and/or directly participated in the acts

10  alleged herein.

11      8.      Plaintiff is ignorant of the true names and capacities, whether individual, associate,

12  partnership, corporate, or otherwise, of the Defendants designated herein as Does 1 through 50,

13  inclusive, and therefore sues those Defendants by these fictitious names. Plaintiff is informed

14  and believes, and on that basis alleges, that Does 1 through 50, in some way unknown to Plaintiff,

15  are responsible for the acts and omissions alleged in this Complaint and have incurred liability to

16  Plaintiff therefore. Plaintiff will amend this Complaint to allege the true names and capacities of

17  Does 1 through 50 upon discovery thereof.

18      9.      Plaintiff is informed and believes and thereon alleges that at all times herein

19  mentioned each of the Defendants was the agent and employee of each of the remaining

20  Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of

21  such agency and employment. Each of its principles, managers, managing agents, authorized,

22  ratified and/or directly participated in the acts alleged herein.

23                          **GENERAL ALLEGATIONS**

24      **A.      Plaintiff's Business.**

25      10.      Plaintiff provides event planning and production services marketed specifically to

26  college and university groups in Southern California. These groups have very particular needs

27  when conducting events, including transportation, photography and video services,

28  lighting/sound/staging, security staff, and venues. Plaintiff developed a confidential and

BRADLEY & GMELICH

1  proprietary method of providing and consolidating these services by establishing specialized
2  relationships and contractual agreements with their service providers. The niche Plaintiff created
3  was to establish a one-stop shop such that the group desiring such services could contract with
4  Plaintiff, who would then provide or subcontract all of the services. Plaintiff spent over a decade
5  establishing relationships with these specialized vendors, obtaining specialized licenses
6  (including, but not limited to, a Private Patrol Operator's license), appropriate insurances, and
7  purchasing and storing specialty equipment. Plaintiff's efforts resulted in a multi-million dollar
8  company with a substantial enterprise value. Clients with which Plaintiff has contracted to
9  provide services have been and are loyal to Plaintiff because Plaintiff is familiar with, and has
10  extensive experience and knowledge in this specialized area of service.

11  　　11.　　Among the more difficult issues in achieving success in Plaintiff's industry is
12  locating transportation vendors and venue managers who are willing to serve the college
13  community. In fact, the identification of these companies and the relationships Plaintiff has
14  established with the individuals employed by such vendors in Southern California is one of
15  Plaintiff's most carefully guarded trade secrets. Plaintiff worked long and hard to establish,
16  maintain, and guard these relationships as well as the specific terms and conditions it has
17  negotiated with such vendors.

18  　　12.　　Plaintiff has invested substantial time, effort, and money to develop both a
19  customer list and substantial contacts and relationships with numerous venues, clients, and
20  potential clients, in Southern California, including, but not limited to San Diego County. Plaintiff
21  has also spent significant time and expense in its employee recruiting efforts in order to provide
22  quality staff and managers to service Plaintiff's clients.

23  　　13.　　An integral part of Plaintiff's business is the identification and retention of those
24  employees, customers and clients who seek specialized event planning services.

25  　　14.　　In order to identify and retain clients, Plaintiff seeks to develop client loyalty by
26  expending substantial efforts and resources to establish goodwill and relationships.

27  　　15.　　The market for such specialized event planning services is limited.

28  　　**B.　　Plaintiff's Trade Secrets and Confidential Information.**

EXHIBIT A
21    4

BRADLEY & GMELICH

1    16.   In order to efficiently and profitably run its business, Plaintiff necessarily uses

2    substantial confidential and proprietary information and trade secrets, including detailed customer

3    lists, vendor lists, venue lists, billing rates, and employee information.

4    17.   Plaintiff has invested significant amounts of time, energy, money, and resources to

5    the development of proprietary and confidential information, including, but not limited to,

6    compensation data, customer lists, vendor lists, venue lists, financial information, marketing

7    strategies, pending projects and proposals, research and development strategies, technological

8    data, company philosophy, methods of operation, pricing structures, staffing models, employee

9    training procedures and manuals, security plans, billing practices, price models, and staffing

10   models (collectively, "Trade Secrets and Confidential Information"). Plaintiff has also worked

11   intensely on establishing relationships with customers and vendors which are reflected in

12   confidential documents. The relationships with customers and vendors cultivated over a period

13   of time is in the nature of a proprietary interest that can be protected.

14   18.   Plaintiff's Trade Secrets and Confidential Information provide Plaintiff with a

15   competitive advantage because the information enables Plaintiff to focus its business on

16   customers and clients who are likely to become repeat business, refer other customers and clients,

17   and further enable Plaintiff to grow its business. Furthermore, Plaintiff expends a significant

18   amount of effort, time, money, and resources developing goodwill and client relationships. Some

19   clients have specific preferences, which are recorded by Plaintiff to ensure the best service

20   possible to a particular client. The security officers, DJs, videographers, supervisors, and

21   operations managers employed by Plaintiff are necessarily aware of these private arrangements

22   and can unfairly exploit these arrangements if they work for a competitor, or attempt to convince

23   clients to cease doing business with Plaintiff.

24   **C.    Defendants' Wrongful Conduct.**

25   1.    BOSWORTH:

26   19.   Several years ago, Bosworth worked for Plaintiff as a security officer. During his

27   employment, he was exposed to Plaintiff's business practices and methodology, yet he was

28   screened from the most sensitive information of Plaintiff's operations.

BRADLEY & GMELICH

1    20.    Sometime later, Bosworth pursued a career in financial services and was hired by

2  Northwestern as a financial representative.  Beginning in or around June 2013,  Bosworth began a

3  concerted effort to solicit Plaintiff's business.  At first, it appeared as if Bosworth was simply

4  aggressively marketing Northwestern's financial services.  It was later determined that he was

5  actually trying to build his own business to compete with Plaintiff by obtaining confidential

6  information and the offer of financial services was merely a ruse.  In fact, the offer came at least

7  six (6) months after Bosworth and Diamond began their conspiracy against Plaintiff.

8    21.    Bosworth contacted Plaintiff's owner Dan Wilson ("Wilson") on numerous

9  occasions to schedule a meeting with him.  Bosworth stated the purpose of the meeting was to see

10  what, if any, financial services Northwestern could offer Plaintiff.  In response, Wilson advised

11  that Plaintiff already had a financial services representative.  Nevertheless, Bosworth was

12  undaunted and after numerous solicitations, convinced Wilson to meet in order to determine what

13  financial services Northwestern could offer.

14    22.    On July 15, 2013, Wilson met with Bosworth and another agent of Northwestern,

15  James Verzino ('Verzino").  Prior to the meeting, Wilson was instructed to bring numerous

16  documents with him related to Plaintiff's business operations.  Wilson attended the meeting in

17  good faith with the understanding that any matters discussed would remain confidential.

18  However, Bosworth attended the meeting with ulterior motives.  Despite the ethical and legal

19  obligation to do so, neither Bosworth nor Verzino disclosed that Bosworth had an actual and

20  material conflict of interest in the form of an existing competing business, or that Bosworth was

21  already working with one of Plaintiff's employees, Diamond.

22    23.    In the years since Bosworth left his employment with Plaintiff, he opened a

23  competing business by duplicating Plaintiff's business model in every detail.  The Perfect Event,

24  Inc. operates under the trade name "Extreme Greeks."  Bosworth operates his business Supreme

25  Greeks under the trade name "Supreme Greeks."  A review of their two (2) websites reveals that

26  the business models are virtually identical.

27    24.    At the July 15, 2013 meeting, Bosworth queried Wilson on the most confidential

28  and intimate details of Plaintiff's business operations and practices.  Among the topics Wilson

EXHIBIT A

23    6

BRADLEY & GMELICH

1 was urged to disclose were: identification of key employees; salaries of key employees; volume
2 and profit figures; cost of services; expansion plans; marketing strategies; identification of key
3 vendors, including photographers, security staff, videographers, venues, and transportation
4 companies; equipment Extreme owned, and was intending on acquiring to be used during events;
5 location and detailed terms of the relationship between Extreme and the very limited pool of
6 venues that Extreme works with; and detailed aspects of how Extreme conducts its business
7 affairs. Of particular note was the repeated questioning of Wilson regarding Extreme's San Diego
8 operations, including how long it took the company to train one of its most valued employees,
9 Diamond to manage that office.

10     25.    Wilson was reluctant to share this information because these details are highly
11 confidential and were developed over many years of concerted and directed effort. After
12 repeated questioning, Wilson made these disclosures confidentially, and with the reasonable
13 expectation that the disclosures would not be used against him or Plaintiff. Such disclosures were
14 revealed with the belief that Bosworth was helping Plaintiff cultivate specific employee
15 retirement, incentive, and retention plans through a deferred payout account, centralized health
16 insurance, HSA's and other financial tools. Certainly, had Wilson known that the very individual
17 to whom he was making such disclosures was operating a competing business, he never would
18 have done so.

19     26.    Over the following months, Bosworth began to expand his competing business in
20 earnest once he had tricked Wilson into disclosing the roadmap about how the business could
21 operate and grow. It is noteworthy that Supreme Greeks initially focused its operations in Texas.
22 However, shortly after the July 15, 2013 meeting, Supreme Greeks commenced operations in San
23 Diego, California. The very same market in which Plaintiff had worked to establish for over
24 three (3) years.

25     27.    Bosworth also wronged Plaintiff by directly soliciting Extreme's San Diego
26 manager, Diamond to join Bosworth's competing business. It appears Bosworth and Diamond
27 have been in contact since January 2013, while Diamond was still employed by Plaintiff. On or
28 about January 15, 2014, Diamond abruptly resigned from Extreme. Bosworth is currently

BRADLEY & GMELICH

1  attempting to usurp each and every one of Extreme's clients in the San Diego area and convince

2  Extreme's employees to terminate their business relationships with Extreme.

3  28.  Confidential information was disclosed to Bosworth by a combination of Diamond

4  violating the terms of his trade secret and nondisclosure agreement and information that Wilson

5  disclosed to Bosworth while Bosworth was pretending to offer financial advice and services.

6  There is little doubt that Diamond and Bosworth conspired to irreparably damage Plaintiff.

7  2.  DIAMOND:

8  29.  Diamond was a key employee of Plaintiff, who eventually became manager of

9  Plaintiff's San Diego branch. At all times he owed a duty of loyalty to Plaintiff.

10  30.  On or about January 4, 2010, Diamond executed an agreement entitled Employee

11  Non-Disclosure Agreement (the "Agreement"). Under the Agreement, he promised to refrain

12  from misappropriating Extreme's confidential information, using its trade secrets, and soliciting

13  its employees and clients. (Attached hereto as Exhibit "A.")

14  31.  It has since become clear that Diamond violated numerous terms of the

15  Agreement, as well as California law. Diamond contacted numerous clients, employees, and

16  vendors of Extreme in an attempt to divert business. Diamond was working for Supreme Greeks

17  at the same time that he was working for Extreme, and he hijacked Extreme's entire business

18  model in direct violation of the Agreement.

19  32.  On or about January 15, 2014, Diamond abruptly resigned from Extreme. At the

20  time, Diamond stated that he was planning to move to Texas to pursue a another employment

21  opportunity. However, he was uncharacteristically tight-lipped about who he would be working

22  for and in what industry. In an effort to retain Diamond, Wilson attempted to renegotiate the

23  terms of his employment and offered him a substantial salary increase. On or about January 14,

24  2014, Diamond agreed remain working for Extreme, but the following day Diamond reversed

25  himself and resigned a second time.

26  33.  At the time of his resignation, Diamond indicated that he was becoming an equity

27  partner in a business in Texas. It has since been discovered that he instead became an equity

28  partner of Supreme Greeks, and at all times following his resignation acted in his individual

EXHIBIT A
25   8

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

BRADLEY & GMELICH

1   capacity, and on behalf of Supreme Greeks.

2        34.    Also in January 2014, Diamond's assistant manager Chris Johnson indicated that

3   Diamond was working with Bosworth and Supreme Greeks.  In addition, Wilson found emails to

4   and from Diamond's company email address showing evidence of him working for Supreme

5   Greeks while he was employed by Extreme in violation of California *Labor Code* Section 2863.

6   Moreover, continuing emails sent to Diamond's account indicate that he has taken events that he

7   started planning while at Extreme, and unlawfully converted them for the benefit of Supreme

8   Greeks.

9        35.    Diamond has contacted Extreme's San Diego clients and vendors and converted

10  these business opportunities to Supreme Greeks.  Diamond has also recruited employees of

11  Extreme such as Chris Johnson to work for Supreme Greeks.  Moreover, Diamond may have

12  transmitted Extreme's insurance and PPO license information to prospective clients of Supreme

13  Greeks.

14       36.    Diamond, and/or a professional hired by Diamond, intentionally deleted client

15  information and other confidential data from Extreme's main computer at its San Diego location.

16  It appears that on or about January 20, 2014, five (5) days after Diamond resigned, the

17  computer's hard drive was entirely wiped clean and a new operating system installed, leaving

18  recovery of any data virtually impossible.  These acts were performed by Diamond in his

19  individual capacity, and on behalf of Supreme Greeks.

20       37.    Diamond also converted Plaintiff's property, specifically a Dell computer that was

21  purchased by Plaintiff for use in their San Diego office.  Upon Diamond's resignation the

22  computer was not returned to Plaintiff, and Plaintiff is informed and believes that Diamond

23  converted it to his own use and the use of Supreme Greeks.

24            3.    NORTHWESTERN:

25       38.    Plaintiff is informed and believes that Bosworth is a financial representative in an

26  agency relationship with Northwestern.  Plaintiff is informed and believes that financial

27  representatives owe a fiduciary duty to clients and potential clients.  At the very least, financial

28  representatives must meet a suitability standard and their recommendations must be consistent

EXHIBIT A
26    9

BRADLEY & GMELICH

1   with their customers' best interests, not the representative's own financial benefit. Bosworth

2   made no efforts to conceal his affiliation with Supreme Greeks from Northwestern. Moreover, it

3   appears that Verzino and Northwestern were fully aware of Bosworth's competing business well

4   in advance of the meeting with Wilson. Verzino, as a licensed agent, had an obligation to

5   investigate who he and Bosworth were meeting with and advise Wilson of the conflict of interest

6   before the disclosures were made.

7   39.   Northwestern and its financial representatives are required to keep clients' and

8   potential clients' information confidential. Plaintiff's confidential information and documents

9   should have only been used within the context of Northwestern providing financial services and

10   advice. Instead, Bosworth failed to keep the information he learned in his financial representative

11   capacity confidential, and instead disclosed the information to others and used it for his

12   competing business, Supreme Greeks.

13   40.   Northwestern failed to provide adequate training to both Bosworth and Verzino

14   about their fiduciary and ethical obligations as well as their disclosure duties to potential clients.

15   Bosworth intentionally concealed his conflict of interest from Plaintiff, and appropriated the

16   Trade Secrets and Confidential Information of a potential client for his own use.  Bosworth's acts

17   were committed within the course and scope of his agency relationship with Northwestern.

18   4.   SUPREME GREEKS:

19   41.   Supreme Greeks operates based on Trade Secrets and Confidential Information

20   unlawfully extracted from Wilson by one of the owners of Supreme Greeks, Bosworth, who

21   posed as a fiduciary financial representative. Furthermore, Supreme Greeks induced Diamond to

22   breach his agreement with a competitor, made him an equity partner, and has profited from

23   Diamond's inside information. Supreme Greeks was on notice that Diamond had unlawfully

24   misappropriated client lists, business models, and other trade secrets, and any use of that

25   information by Supreme Greeks subjects it to liability. Supreme Greeks has been using

26   Plaintiff's business model, and has contacted Plaintiff's clients and venues and inferred with

27   existing business relationships. Supreme Greeks has profited from Plaintiff's trade secrets, and

28   has demonstrated a variety of unfair and unlawful business practices.

BRADLEY & GMELICH

**FIRST CAUSE OF ACTION**

**(Misappropriation of Trade Secrets-Statutory Against Diamond, Bosworth, and Supreme Greeks)**

42.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 41, above, as though set forth in full herein.

43.     The acts of Diamond, Bosworth, and Supreme Greeks constitute misappropriation of trade secrets, as defined in California *Civil Code* section 3426, *et seq*, and is a violation of the California *Uniform Trade Secrets Act*.

44.     At all times during his employment with Plaintiff, Diamond was in possession of and had access to Plaintiff's Trade Secrets and Confidential Information as more specifically set forth in Paragraphs 1 through 41, above. Bosworth came into possession of Plaintiff's trade secrets by acting as a financial representative without disclosing his conflict of interest, or maintaining his prospective client's confidential disclosures, as more specifically set forth in Paragraphs 1 through 41, above.  Supreme Greeks was on notice that Diamond and Bosworth unlawfully misappropriated client lists, business models, and other trade secrets and has used those secrets its business operations.  Compilation of the Trade Secrets and Confidential Information was the result of a substantial amount of time, effort, and money on the part of Plaintiff in the operation of their business.  Furthermore, establishing goodwill and client relationships was also a result of a substantial amount of time, effort, and money on the part of Plaintiff in the operation of their business.

45.     It appears that Bosworth and Diamond began a business relationship in January of 2013, while Diamond was still employed by Plaintiff, and the two parties worked together to obtain Plaintiff's trade secrets.

46.     The Trade Secrets and Confidential Information had, and continue to have, economic value in that they constitute and/or contain information not generally known to the public or persons who could obtain economic value from its disclosure, and represent substantial research and confidential communications between Plaintiff and their potential and existing customers.

47.     Plaintiff has made every effort to ensure that the Trade Secrets and Confidential

BRADLEY & GMELICH

1  Information remain secret and confidential property. For example, Plaintiff had Diamond and

2  other employees sign a non-disclosure agreement. Plaintiff has had a longstanding policy that all

3  information relating to communications, financial information and contracts with customers and

4  potential customers, and their identities, is confidential and should be kept confidential by all of

5  Plaintiff's employees, both during employment and after termination of employment.

6      48.    The goodwill and client relationships established by Plaintiff had, and continue to

7  have, economic value in that they constitute years of effort and resources expended by Plaintiff in

8  order to establish them.

9      49.    As alleged in Paragraphs 1 through 41 above, Diamond, Bosworth, and Supreme

10  Greeks have misappropriated, and continue to misappropriate, Plaintiff's Trade Secrets and

11  Confidential Information. Diamond, Bosworth, and Supreme Greeks have used, and continue to

12  use, the Trade Secrets and Confidential Information to their own benefit and to the detriment of

13  Plaintiff. Their actions have already caused Plaintiff to suffer losses in an amount according to

14  proof at trial.

15      50.    As a direct result of Diamond, Bosworth, and Supreme Greeks' wrongful acts,

16  Plaintiff has suffered and continue to suffer, among other things, general and special damages in

17  accordance with proof, which are above the jurisdictional limit of this court.

18      51.    Plaintiff is informed and believes, and on that basis alleges, that Diamond,

19  Bosworth, and Supreme Greeks acted intentionally in conscious disregard of the rights of

20  Plaintiff, with fraud, malice and oppression, in that they knew that their acts and conduct, as

21  alleged hereinabove, were unjustified and would result in severe financial and economic injury to

22  Plaintiff and intentionally kept such acts secret from Plaintiff. Accordingly, Plaintiff is entitled to

23  an award of punitive damages against Diamond, Bosworth, and Supreme Greeks. The amount of

24  such punitive damages should be determined at the time of trial of this action.

25  **SECOND CAUSE OF ACTION**

26  **(Misappropriation of Trade Secrets-Common Law Against Diamond, Bosworth, and Supreme Greeks)**

27      52.    Plaintiff re-alleges and incorporates by reference each and every allegation

28  contained in Paragraphs 1 through 41, above, as though set forth in full herein.

BRADLEY & GMELICH

**1**      53.     The acts and/or practices committed by Diamond, Bosworth, and Supreme Greeks,

**2**    As alleged in Paragraphs 1 through 41 above, constitute misappropriation of trade secrets at

**3**    common law.

**4**      54.     As set forth in Paragraphs 1 through 41 above, Diamond, Bosworth, and Supreme

**5**    Greeks have misappropriated, and continue to misappropriate, Plaintiff's trade secrets and

**6**    Confidential Information. Diamond, Bosworth, and Supreme Greeks have used, and continue to

**7**    use, the Trade Secrets and Confidential Information to their own benefit and to the detriment of

**8**    Plaintiff.

**9**      55.     As a direct result of Diamond, Bosworth, and Supreme Greeks' wrongful acts,

**10**    Plaintiff has suffered and continue to suffer, among other things, general and special damages in

**11**    accordance with proof, which are above the jurisdictional threshold of this Court.

**12**      56.     Plaintiff is informed and believes, and on that basis alleges, that Diamond,

**13**    Bosworth, and Supreme Greeks acted intentionally in conscious disregard of the rights of

**14**    Plaintiff, with fraud, malice and oppression, in that they knew that their acts and conduct, as

**15**    alleged hereinabove, were unjustified and would result in severe financial and economic injury to

**16**    Plaintiff and intentionally kept such acts secret from Plaintiff. Accordingly, Plaintiff is entitled to

**17**    an award of punitive damages against Diamond, Bosworth, and Supreme Greeks. The amount of

**18**    such punitive damages should be determined at the time of trial of this action.

**19**                          **THIRD CAUSE OF ACTION**

**20**      **(Unfair Competition - Statutory Against Bosworth; Diamond; and Supreme Greeks)**

**21**      57.     Plaintiff re-alleges and incorporates by reference each and every allegation

**22**    contained in Paragraphs 1 through 41, above, as though set forth in full herein.

**23**      58.     The acts and/or practices committed by Bosworth; Diamond; and Supreme

**24**    Greeks, as alleged in Paragraphs through 41 above, constitute misappropriation of Plaintiff's

**25**    Trade Secrets and Confidential Information. Therefore, these acts and/or practices constitute

**26**    unlawful or unfair business practices within the meaning of California *Business and Professions*

**27**    *Code* §17200, et seq.

**28**      59.     As a direct and proximate result of Bosworth; Diamond; and Supreme Greeks'

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

BRADLEY & GMELICH

1  unlawful or unfair business acts or practices, they have caused, and threaten to cause, substantial

2  and irreparable harm to Plaintiff. As a result, Plaintiff is entitled to injunctive relief and

3  disgorgement of Bosworth; Diamond; and Supreme Greeks' profits that are rightfully Plaintiff's, as a

4  result of such unlawful activity in an amount according to proof at trial.

5                            **FOURTH CAUSE OF ACTION**

6  **(Unfair Competition - Common Law Against Bosworth; Diamond; and Supreme Greeks)**

7           60.     Plaintiff re-alleges and incorporates by reference each and every allegation

8  contained in Paragraphs 1 through 41, above, as though set forth in full herein.

9           61.     The acts and/or practices committed by Bosworth; Diamond; and Supreme

10  Greeks, As alleged in Paragraphs 1 through 41 above, constitute unfair competition at common

11  law.

12          62.     As a direct and proximate result of Bosworth; Diamond; and Supreme Greeks'

13  unfair competition, they have caused, and threaten to cause, substantial and irreparable harm to

14  Plaintiff in an amount according to proof at trial.

15          63.     As a direct and proximate result of Bosworth; Diamond; and Supreme Greeks'

16  unlawful or unfair business acts or practices, they have caused, and threaten to cause, substantial

17  and irreparable harm to Plaintiff. As a result, Plaintiff is entitled to injunctive relief and

18  disgorgement of Bosworth; Diamond; and Supreme Greeks' profits that are rightfully Plaintiff's, as a

19  result of such unlawful activity in an amount according to proof at trial.

20                            **FIFTH CAUSE OF ACTION**

21                  **(Breach of Written Contract Against Diamond)**

22          64.     Plaintiff re-alleges and incorporates by reference each and every allegation

23  contained in Paragraphs 1 through 41, above, as though set forth in full herein.

24          65.     The Agreement executed by Diamond, among other things, stated that he would

25  keep confidential, both during, and after, his employment relationship with Plaintiff all of the

26  Trade Secrets and Confidential Information belonging to Plaintiff. By executing the Agreement,

27  Diamond understood and agreed that information that was supplied to him, including but not

28  limited to Plaintiff's client lists, employee data, billing records, invoices, schedules, and other

EXHIBIT A
31    14

BRADLEY & GMELICH

1 confidential information, were trade secrets, and were provided in confidence for the sole purpose
2 of facilitating his duties as an employee of Plaintiff, and was not to be disclosed, in whole or in
3 part, to any person.

4      66.    Plaintiff has performed all conditions, covenants, and promises required of it
5 under the terms of the Agreement.

6      67.    Diamond breached the Agreement by, among other things: disclosing the inner
7 workings of Plaintiff's operations; secretly gathering Trade Secrets and Confidential Information
8 about Plaintiff's customers and their confidential customer information needs while still
9 employed by Plaintiff for the purpose of soliciting those customers after he separated from
10 employment with Plaintiff; failing to maintain the confidence of Plaintiff's Trade Secrets and
11 Confidential Information, and using client lists and/or information by providing such information
12 to Supreme Greeks; secretly soliciting Plaintiff's customers and employees, for the benefit of
13 Supreme Greeks, or other competitors of Plaintiff.

14      68.    As a direct result of the actions of Diamond, as alleged in Paragraphs 1 through
15 41, above, and in this cause of action. Plaintiff has suffered actual damages in an amount to be
16 determined according to proof at trial.

17 <center>**SIXTH CAUSE OF ACTION**</center>

18 <center>**(Breach of Written Contract Against Diamond)**</center>

19      69.    Plaintiff re-alleges and incorporates by reference each and every allegation
20 contained in Paragraphs 1 through 41, above, as though set forth in full herein.

21      70.    Pursuant to *Civil Code* Section 1619 et seq. a contract may be implied by the
22 conduct of the parties to it. Upon being hired, Diamond promised he would keep confidential,
23 both during, and after, his employment relationship with Plaintiff all of the Trade Secrets and
24 Confidential Information belonging to Plaintiff. Diamond understood and agreed that information
25 that was supplied to him, including but not limited to Plaintiff's client lists, vendor lists,
26 employee data, billing records, invoices, schedules, and other confidential information, were
27 trade secrets, and were provided in confidence for the sole purpose of facilitating his duties as an
28 employee of Plaintiff, and was not to be disclosed, in whole or in part, to any person.

<center>EXHIBIT A</center>
<center>32   15</center>
<center>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF</center>

BRADLEY & GMELICH

1  71.    Each party intended that a contract be formed, and acted as though a contract had

2  been formed. The parties reduced the agreement to writing.

3  72.    Diamond breached the implied contract between the parties by, among other

4  things: disclosing the inner workings of Plaintiff operations; secretly gathering Trade Secrets and

5  Confidential Information about Plaintiff customers and their confidential customer information

6  needs while still employed by Plaintiff for the purpose of soliciting those customers after he

7  separated from employment with Plaintiff; failing to maintain the confidence of Plaintiff trade

8  secrets and other Confidential Information, and using client lists and/or information by providing

9  such information to Supreme Greeks; secretly soliciting Plaintiff customers and employees, for

10  the benefit of Supreme Greeks, or other competitors of Plaintiff.

11  73.    As a direct result of the actions of Diamond, as alleged in Paragraphs 1 through

12  41, above, and in this cause of action. Plaintiff has suffered actual damages in an amount to be

13  determined according to proof at trial.

14  ### SEVENTH CAUSE OF ACTION

15  ### (Conversion Against Diamond and Supreme Greeks)

16  74.    Plaintiff re-alleges and incorporates by reference each and every allegation

17  contained in Paragraphs 1 through 41, above, as though set forth in full herein.

18  75.    Plaintiff purchased a Dell computer for use in their San Diego office.  While

19  Diamond was permitted to use the computer as part of his employment, it was at all times owned

20  by Plaintiff's and constitutes Plaintiff's personal property.

21  76.    Upon Diamond's resignation the computer was not returned to Plaintiff, and

22  Plaintiff is informed and believes that Diamond acting in his individual capacity, and as an agent

23  of Supreme Greeks, took the computer with him when he resigned, and converted it to his own

24  use and the use of Supreme Greeks.

25  77.    As a direct and proximate result of the conversion by Diamond Plaintiff has been

26  damaged in an amount according to proof to be determined at the time of trial.

27  78.    Diamond acted intentionally and in conscious disregard of the rights of Plaintiff

28  with fraud, malice and oppression, in that he knew that his acts and conduct, As alleged in

EXHIBIT A

33    16

BRADLEY & GMELICH

1   Paragraphs 1 through 41 above, were unjustified and would result in injury to Plaintiff.

2   Accordingly, Plaintiff is entitled to an award of punitive damages against Diamond. The amount

3   of such punitive damages should be determined at the time of trial.

### EIGHTH CAUSE OF ACTION

5   **(Intentional Interference With Contractual Relations Against Diamond, Bosworth, Supreme Greeks)**

6       79.    Plaintiff re-alleges and incorporates by reference each and every allegation

7   contained in Paragraphs 1 through 41, above, as though set forth in full herein.

8       80.    As alleged in Paragraphs 1 through 41 above, as a result of Plaintiff's efforts

9   throughout the years, Plaintiff has established invaluable relationships with numerous clients,

10  venues, and employees.

11      81.    Diamond and Bosworth obtained knowledge of Plaintiff's relationships with

12  existing and prospective clients as well as Trade Secrets and Confidential Information regarding

13  those clients, with the intention of interfering with Plaintiff's relationships with its clients.

14  Diamond, Bosworth, and Supreme Greeks used the confidential information to solicit clients, and

15  divert business from Plaintiff.

16      82.    Diamond, Bosworth, and Supreme Greeks acted with the purpose and desire to

17  interfere with Plaintiff's business relationships and further knew that interference was certain or

18  substantially certain to occur as a result of their actions.

19      83.    Diamond, Bosworth, and Supreme Greeks intentionally and actually interfered

20  with Plaintiff's existing contractual relationships.

21      84.    By using Plaintiff's Trade Secrets and Confidential Information and soliciting

22  Plaintiff's existing and prospective customers, Diamond, Bosworth, and Supreme Greeks

23  disrupted and diverted Plaintiff's business relationships by improper methods which fall outside

24  the boundaries of lawful or fair competition.

25      85.    Diamond, Bosworth, and Supreme Greeks' wrongful conduct has interfered with

26  economic advantages that would have accrued to Plaintiff absent Diamond, Bosworth, and

27  Supreme Greeks' wrongful conduct, and has caused, and will continue to cause, Plaintiff to suffer

28  economic damages in an amount to be determined at the time of trial of this action.

EXHIBIT A

34    17

BRADLEY & GMELICH

1   Plaintiff is informed and believes, and on that basis allege, that Diamond, Bosworth, and

2   Supreme Greeks acted intentionally in conscious disregard of the rights of Plaintiff, with fraud,

3   malice and oppression, in that they knew that their acts and conduct, alleged hereinabove, were

4   unjustified and would result in severe financial and economic injury to Plaintiff and intentionally

5   kept such acts secret from Plaintiff. Accordingly, Plaintiff is entitled to an award of punitive

6   damages against Diamond, Bosworth, and Supreme Greeks. The amount of such punitive

7   damages should be determined at the time of trial of this action.

8   ### NINTH CAUSE OF ACTION

9   **(Negligent Interference with Contractual Relations Against Diamond, Bosworth, Supreme Greeks)**

10   86.   Plaintiff re-alleges and incorporates by reference each and every allegation

11   contained in Paragraphs 1 through 41, above, as though set forth in full herein.

12   87.   Diamond and Bosworth obtained knowledge of Plaintiff's relationships with

13   existing and prospective clients as well as Confidential Information through their roles as

14   employee and potential financial representative respectively. Diamond, Bosworth, and Supreme

15   Greeks owed Plaintiff a duty to deal with Plaintiff in good faith. They were obliged to use care so

16   as not to interfere with the business relationships of Plaintiff, and also had a legal duty under

17   California *Business and Professions Code* § 17200, et seq., not to engage in unfair competition

18   with Plaintiff.

19   88.   Diamond, Bosworth and Supreme Greeks, knew or should have known that their

20   use of the Confidential Information to solicit Plaintiff's clients would negatively impact the

21   contractual relationship of Plaintiff with those customers. Diamond, Bosworth and Supreme

22   Greeks, therefore, were, or should have been, fully aware when they entered into the above-

23   described business relationships that their failure to use ordinary care in soliciting business from

24   such customers could subject Plaintiff to a loss of business and profits.

25   89.   Diamond, Bosworth and Supreme Greeks nevertheless negligently solicited

26   Plaintiff's customers through the use of Plaintiff's trade secrets and confidential information.

27   90.   As a direct and proximate result of Diamond, Bosworth and Supreme Greeks'

28   wrongful acts, Plaintiff has suffered and continue to suffer, among other things, general and

EXHIBIT A

35     18

BRADLEY & GMELICH

1     special damages according to proof, which are above the jurisdictional threshold of this Court.

2     <div align="center">**TENTH CAUSE OF ACTION**</div>

3     <div align="center">**(Breach of Duty of Loyalty in Violation of *Labor Code* § 2863 Against Diamond)**</div>

4     91.     Plaintiff re-alleges and incorporates by reference each and every allegation

5     contained in Paragraphs 1 through 41, above, as though set forth in full herein.

6     92.     Diamond was an employee and branch manager of Extreme with knowledge of its

7     business model, clients, and other Confidential information, and as such owed a statutory duty of

8     loyalty to the company. Pursuant to *Labor Code* section 2863, "an employee who has any

9     business to transact on his own account, similar to that intrusted to him by his employer, shall

10     always give the preference to the business of the employer."

11     93.     Diamond knowingly acted on his own account and against Extreme's interests in

12     connection with his role as manager, by working for a competitor for over a year while still being

13     employed at Extreme; misappropriating Confidential Information; disclosing client lists, business

14     models, trade secrets and other Confidential Information to Supreme Greeks, deleting data from

15     Extreme's computers; and soliciting clients away from Extreme.

16     94.     As a direct and proximate result of Diamond's breach of loyalty Plaintiff has been

17     damaged in an amount according to proof to be determined at the time of trial.

18     95.     Diamond acted intentionally and in conscious disregard of the rights of Plaintiff

19     with fraud, malice and oppression, in that he knew that his acts and conduct, As alleged in

20     Paragraphs 1 through 41 above, were unjustified and would result in severe financial and

21     economic injury to Plaintiff, and intentionally kept such acts secret from Plaintiff. Accordingly,

22     Plaintiff is entitled to an award of punitive damages against Diamond. The amount of such

23     punitive damages should be determined at the time of trial.

24     <div align="center">**ELEVENTH CAUSE OF ACTION**</div>

25     <div align="center">**(Conspiracy Against Diamond, Bosworth, and Supreme Greeks)**</div>

26     96.     Plaintiff re-alleges and incorporates by reference each and every allegation

27     contained in Paragraphs 1 through 41, above, as though set forth in full herein.

28     97.     Plaintiff is informed and believes, and on that basis allege that Defendants

<div align="center">EXHIBIT A</div>
<div align="center">36   19</div>

BRADLEY & GMELICH

1 conspired and acted in concert to commit the above mentioned torts. Defendants' conduct

2 constitutes an agreement to accomplish an unlawful objective, specifically the misappropriation

3 of Plaintiff's trade secrets, implementation of Plaintiff's business model, and solicitation of

4 Plaintiff's venues and clients.

5     98.    As a direct and proximate result of Defendants' conspiracy Plaintiff has been

6 damaged in an amount according to proof to be determined at the time of trial.

7     99.    Defendants acted intentionally and in conscious disregard of the rights of Plaintiff

8 with fraud, malice and oppression, in that they knew that their acts and conduct, As alleged in

9 Paragraphs 1 through 41 above, were unjustified and would result in severe financial and

10 economic injury to Plaintiff, and intentionally kept such acts secret from Plaintiff.  Accordingly,

11 Plaintiff is entitled to an award of punitive damages against Defendants. The amount of such

12 punitive damages should be determined at the time of trial.

13                         **TWELFTH CAUSE OF ACTION**

14    **(Violation of Computer Fraud and Abuse Act Against Diamond and Supreme Greeks)**

15     100.    Plaintiff re-alleges and incorporates by reference each and every allegation

16 contained in Paragraphs 1 through 41, above, as though set forth in full herein.

17     101.    Diamond, in his personal capacity and on behalf of Supreme Greeks, intentionally

18 accessed Plaintiff's computer without authorization and obtained confidential information from a

19 protected computer used in and affecting interstate commerce or communication, in violation of

20 The Computer Fraud and Abuse Act (18 USC §1030).

21     102.    Diamond and Supreme Greeks committed the act of accessing Plaintiff's computer

22 for their own commercial advantage and private financial gain.

23     103.    Their act of accessing Plaintiff's computer was in furtherance of Diamond and

24 Supreme Greeks' other tortious acts described above, including but not limited to,

25 misappropriation of trade secrets, conversion, tortious interference with prospective economic

26 advantage, conspiracy, and spoliation.

27     104.    The value of the information obtained from Plaintiff's protected computer exceeds

28 $5,000.00, and Plaintiff has been damaged in an amount according to proof to be determined at

EXHIBIT A
37     20

BRADLEY & GMELICH

1    the time of trial.

2

## THIRTEENTH CAUSE OF ACTION

3

### (Trademark Infringement Against Bosworth and Supreme Greeks)

4       105.    Plaintiff re-alleges and incorporates by reference each and every allegation

5    contained in Paragraphs 1 through 41, above, as though set forth in full herein.

6       106.    Plaintiff is the owner of the fictitious business name "Extreme Greeks" and filed

7    said name on January 29, 2007. Bosworth did not file the fictitious business name "Supreme

8    Greeks" until March 9, 2012.

9       107.    Plaintiff use the name "Extreme Greeks" in connection with their services, and the

10    name has become an intrinsic and essential part of the valuable goodwill and property of Plaintiff.

11    The name is well known and established to customers and identifies and distinguishes Plaintiff's

12    distinctive high quality services from all others.

13       108.    The name "Supreme Greeks" is substantially similar, and is very likely to cause

14    confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of

15    Defendants' services.

16       109.    Defendants' infringement of Plaintiff's name is willful, and intended to reap the

17    benefit of the goodwill of Plaintiff.

18       110.    As a direct and proximate result of Bosworth and Supreme Greeks' wrongful acts,

19    Plaintiff has suffered and continue to suffer, among other things, general and special damages

20    according to proof, which are above the jurisdictional threshold of this Court.

21

## FOURTEENTH CAUSE OF ACTION

22

### (Breach of Fiduciary Duty Against Bosworth and Northwestern)

23       111.    Plaintiff re-alleges and incorporates by reference each and every allegation

24    contained in Paragraphs 1 through 41, above, as though set forth in full herein.

25       112.    Bosworth met with Wilson in his role as a financial representative from

26    Northwestern supposedly offering to provide financial services to Plaintiff. Financial

27    representatives are entrusted with salary information, tax returns, profit estimates, employee data

28    and other confidential information, and Plaintiff is informed and believes that financial

EXHIBIT A

38   21

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 representatives owe a fiduciary duty to their clients and potential clients to keep all information
2 confidential and act in the clients' best interests.

3     113.   As a fiduciary, Bosworth had a duty to disclose any and all conflicts of interest
4 before Wilson disclosed Confidential information. Further, Bosworth has a duty to keep all of
5 Plaintiff's information confidential and act in Plaintiff's best interests. Instead Bosworth used the
6 Confidential information to his own advantage and that of his competing business.

7     114.   Northwestern had a duty to investigate Bosworth's activities and professional
8 affiliations before allowing him to contact potential clients on behalf of Northwestern. Bosworth
9 did not conceal his affiliation with his competing business Supreme Greeks from Northwestern.
10 Moreover, Northwestern's other agent Mr. Verzino, as a licensed agent, had an obligation to
11 investigate who he and Bosworth were meeting with and advise Wilson of Bosworth's conflict of
12 interest before any disclosures were made.

13     115.   Northwestern had a duty to provide adequate training to both Bosworth and Mr.
14 Verzino about their fiduciary and ethical obligations as well as their disclosure duties to potential
15 clients. Bosworth intentionally concealed his conflict of interest, and appropriated the
16 confidential information of a potential client for his own use. Bosworth's acts were committed
17 within the course and scope of his agency relationship with Northwestern.

18     116.   As a direct and proximate result of Bosworth and Northwestern's breach of
19 fiduciary duties Plaintiff has been damaged in an amount according to proof to be determined at
20 the time of trial.

21 <div align="center">**FIFTEENTH CAUSE OF ACTION**</div>

22 <div align="center">**(Breach of Suitability Standard Against Bosworth and Northwestern)**</div>

23     117.   Plaintiff re-alleges and incorporates by reference each and every allegation
24 contained in Paragraphs 1 through 41, above, as though set forth in full herein.

25     118.   Bosworth met with Wilson in his role as a financial representative from
26 Northwestern supposedly offering to provide financial services to Plaintiff. Financial
27 representatives are entrusted with salary information, tax returns, profit estimates, employee data
28 and other confidential information, and at the very least they must meet a standard of suitability.

<div align="center">EXHIBIT A</div>
<div align="center">39    22</div>

<div align="center">COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF</div>

BRADLEY & GMELICH

1    119.    Pursuant to FINRA Rule 2111 "A member or an associated person must have a

2    reasonable basis to believe that a recommended transaction or investment strategy involving a

3    security or securities is suitable for the customer." The notations to Rule 2111 make it clear that

4    "the suitability rule is fundamental to fair dealing and is intended to promote ethical sales

5    practices and high standards of professional conduct." Furthermore, courts have found a breach

6    of the suitability standard when financial representatives conduct transactions for their own

7    personal, financial benefit. Sanctions were upheld when a financial representative made

8    unsuitable recommendations that placed his clients at risk and put his own interests before those

9    of his clients. (See *McNabb v. SEC* (2002) 298 F.3d 1126, 1133.)

10    120.    Bosworth had a duty to make suitable recommendations, and not put his own

11    interests before those of his prospective client. Instead Bosworth used the Confidential

12    information to his own financial advantage and that of his competing business.

13    121.    Northwestern had a duty to investigate Bosworth's activities and professional

14    affiliations before allowing him to contact potential clients on behalf of Northwestern. Bosworth

15    did not conceal his affiliation with his competing business Supreme Greeks from Northwestern.

16    Moreover, Northwestern's other agent Mr. Verzino, as a licensed agent, had an obligation to

17    investigate who he and Bosworth were meeting with and advise Wilson of Bosworth's conflict of

18    interest before any disclosures were made.

19    122.    Northwestern had a duty to provide adequate training to both Bosworth and Mr.

20    Verzino about their ethical obligations to potential clients. Bosworth intentionally concealed his

21    conflict of interest, and appropriated the confidential information of a potential client for his own

22    use. Bosworth's acts were committed within the course and scope of his agency relationship with

23    Northwestern.

24    123.    As a direct and proximate result of Bosworth and Northwestern's breach of the

25    suitability standard, Plaintiff has been damaged in an amount according to proof to be determined

26    at the time of trial.

27    / / /

28    / / /

BRADLEY & GMELICH

<div align="center">

**SIXTEENTH CAUSE OF ACTION**

**(Violation of Investment Advisor's Act Against Bosworth and Northwestern)**

</div>

124.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 41, above, as though set forth in full herein.

125.    Bosworth met with Wilson in his role as a financial representative from Northwestern supposedly offering to provide financial services to Plaintiff. Financial representatives are entrusted with salary information, tax returns, profit estimates, employee data and other confidential information, and they must comply with the Investment Advisor's Act.

126.    15 USC § 80b-2 defines ''Investment adviser'' as follows "any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities, or who, for compensation and as part of a regular business, issues or promulgates analyses or reports concerning securities." Northwestern and its financial representative Bosworth are considered investment advisors under the Investment Advisor's Act and must comply with all of its provisions.

127.    15 USC § 80b-6 provides as follows: "It shall be unlawful for any investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly (1) to employ any device, scheme, or artifice to defraud any client or prospective client; (2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client…(4) to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative." Bosworth's meeting with Wilson was a scheme to defraud Plaintiff and obtain their confidential information. He mislead Plaintiff regarding the purpose of the meeting, failed to disclose his conflict of interest, and failed to keep his potential client's information confidential.

128.    Northwestern had a duty to provide adequate training to both Bosworth and Mr. Verzino about their ethical obligations to potential clients. Bosworth intentionally concealed his conflict of interest, and appropriated the confidential information of a potential client for his own use. Bosworth's acts were committed within the course and scope of his agency relationship with

<div align="center">

EXHIBIT A

41    24

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

</div>

BRADLEY & GMELICH

1   Northwestern.  Northwestern allowed Bosworth to engage in a course of business which was

2   fraudulent, deceptive, and manipulative, and both have violated the Investment Advisor's Act.

3   **PRAYER FOR RELIEF**

4   As to Plaintiff's First Cause of Action, Plaintiff prays for judgment, as follows:

5        1.     An injunction restraining and enjoining Defendants for two (2) years from:

6             (i)     soliciting, whether directly or indirectly, and whether alone or in concert

7   with others, any business from any of Plaintiff's clients or customers whose names became known

8   to Diamond and/or Bosworth;

9             (ii)     continuing to serve the clients that they have already diverted from Plaintiff

10   through their unlawful acts;

11             (iii)     using, disclosing, transmitting, and continuing to possess for any purpose

12   Plaintiff's trade secrets and confidential information, including, but not limited to, the client and

13   customer lists that Defendants have obtained;

14             (iv)     altering, removing, destroying, erasing, or deleting any evidence, including

15   without limitation, hard copy documents and information residing in personal and business

16   computer drives, relating to Plaintiff and any of Defendants' activities in connection with Plaintiff

17   or Plaintiff's clients and customers;

18             (v)     inducing or attempting to induce any of Plaintiff's present, former, or

19   prospective clients and customers whose identities became known to Defendants through the acts

20   of Diamond and/or Bosworth to terminate their financial relationships with Plaintiff;

21             (vi)     inducing or attempting to induce any of Plaintiff's employees to leave

22   Plaintiff's employ for the purposes of joining any competitor of Plaintiff; and

23        2.     An order requiring Defendants to immediately return to Plaintiff all originals and/or

24   copies of any of its documents, records, computer files, databases, customer lists, information, or

25   other materials of a confidential or proprietary nature presently in Defendants' possession or under

26   Defendants' control;

27        3.     An order requiring Defendants to hold any assets unlawfully obtained as alleged

28   herein in constructive trust for the benefit of Plaintiff;

BRADLEY & GMELICH

1        4.    Disgorgement of all profits received by virtue of Defendants' wrongful conduct;

2        5.    Compensatory, special and/or general damages in an amount to be determined at

3    trial;

4        6.    Punitive Damages;

5        7.    Reasonable attorney's fees pursuant to *Civil Code* 3426.4;

6        8.    Pre-judgment interest on any monetary award, as permitted by law;

7        9.    All costs of suit herein incurred; and

8        10.   For such other and further relief as the Court may deem just and proper.

9       As to Plaintiff's Second, Seventh, Tenth, Eleventh, and Thirteenth Causes of Action,

10   Plaintiff prays for judgment, as follows:

11       1.    An injunction restraining and enjoining Defendants for two (2) years from:

12       (i)    soliciting, whether directly or indirectly, and whether alone or in concert

13   with others, any business from any of Plaintiff's clients or customers whose names became known

14   to Diamond and/or Bosworth;

15       (ii)   continuing to serve the clients that they have already diverted from Plaintiff

16   through their unlawful acts;

17       (iii)  using, disclosing, transmitting, and continuing to possess for any purpose

18   Plaintiff's trade secrets and confidential information, including, but not limited to, the client and

19   customer lists that Defendants have obtained;

20       (iv)  altering, removing, destroying, erasing, or deleting any evidence, including

21   without limitation, hard copy documents and information residing in personal and business

22   computer drives, relating to Plaintiff and any of Defendants' activities in connection with Plaintiff

23   or Plaintiff's clients and customers;

24       (v)   inducing or attempting to induce any of Plaintiff's present, former, or

25   prospective clients and customers whose identities became known to Defendants through the acts

26   of Diamond and/or Bosworth to terminate their financial relationships with Plaintiff;

27       (vi)  inducing or attempting to induce any of Plaintiff's employees to leave

28   Plaintiff's employ for the purposes of joining any competitor of Plaintiff; and

BRADLEY & GMELICH

1        2.     An order requiring Defendants to immediately return to Plaintiff all originals and/or

2  copies of any of its documents, records, computer files, databases, customer lists, information, or

3  other materials of a confidential or proprietary nature presently in Defendants' possession or under

4  Defendants' control;

5        3.     An order requiring Defendants to hold any assets unlawfully obtained as alleged

6  herein in constructive trust for the benefit of Plaintiff;

7        4.     Disgorgement of all profits received by virtue of Defendants' wrongful conduct;

8        5.     Compensatory, special and/or general damages in an amount to be determined at

9  trial;

10       6.     Punitive Damages;

11       7.     Pre-judgment interest on any monetary award, as permitted by law;

12       8.     All costs of suit herein incurred; and

13       9.     For such other and further relief as the Court may deem just and proper.

14     As to Plaintiff's Third, Fourth, Fifth, Sixth, Ninth, Fourteenth, Fifteenth, and Sixteenth

15  Causes of Action, Plaintiff prays for judgment, as follows:

16       1.     An injunction restraining and enjoining Defendants for two (2) years from:

17          (i)     soliciting, whether directly or indirectly, and whether alone or in concert

18  with others, any business from any of Plaintiff's clients or customers whose names became known

19  to Diamond and/or Bosworth;

20          (ii)    continuing to serve the clients that they have already diverted from Plaintiff

21  through their unlawful acts;

22          (iii)   using, disclosing, transmitting, and continuing to possess for any purpose

23  Plaintiff's trade secrets and confidential information, including, but not limited to, the client and

24  customer lists that Defendants have obtained;

25          (iv)   altering, removing, destroying, erasing, or deleting any evidence, including

26  without limitation, hard copy documents and information residing in personal and business

27  computer drives, relating to Plaintiff and any of Defendants' activities in connection with Plaintiff

28  or Plaintiff's clients and customers;

BRADLEY & GMELICH

1            (v)     inducing or attempting to induce any of Plaintiff's present, former, or

2 prospective clients and customers whose identities became known to Defendants through the acts

3 of Diamond and/or Bosworth to terminate their financial relationships with Plaintiff;

4            (vi)    inducing or attempting to induce any of Plaintiff's employees to leave

5 Plaintiff's employ for the purposes of joining any competitor of Plaintiff; and

6       2.     An order requiring Defendants to immediately return to Plaintiff all originals and/or

7 copies of any of its documents, records, computer files, databases, customer lists, information, or

8 other materials of a confidential or proprietary nature presently in Defendants' possession or under

9 Defendants' control;

10      3.     An order requiring Defendants to hold any assets unlawfully obtained as alleged

11 herein in constructive trust for the benefit of Plaintiff;

12      4.     Disgorgement of all profits received by virtue of Defendants' wrongful conduct;

13      5.     Compensatory, special and/or general damages in an amount to be determined at

14 trial;

15      6.     Pre-judgment interest on any monetary award, as permitted by law;

16      7.     All costs of suit herein incurred; and

17      8.     For such other and further relief as the Court may deem just and proper.

18     <u>As to Plaintiff's Eighth Cause of Action, Plaintiff prays for judgment, as follows:</u>

19      1.     An order requiring Defendants to immediately return the converted property in its

20 original condition.

21      2.     An order requiring Defendants to pay the full value of the converted property;

22      3.     Compensatory, special and/or general damages in an amount to be determined at

23 trial;

24      4.     Punitive damages;

25      5.     Pre-judgment interest on any monetary award, as permitted by law;

26      6.     All costs of suit herein incurred; and

27      7.     For such other and further relief as the Court may deem just and proper.

28 ///

BRADLEY & GMELICH

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    <u>As to Plaintiff's Twelfth Cause of Action, Plaintiff prays for judgment, as follows:</u>

2        1.    An injunction restraining and enjoining Defendants from further accessing any of

3    Plaintiffs' computers.

4        2.    Compensatory, special and/or general damages in an amount to be determined at

5    trial;

6        3.    Pre-judgment interest on any monetary award, as permitted by law;

7        4.    All costs of suit herein incurred; and

8        5.    For such other and further relief as the Court may deem just and proper.

9

10   Dated:  June 18, 2014                    BRADLEY & GMELICH

11

12

13                                      By:    _____

14                                             Gary J. Bradley
                                               John K. Flock
15                                             Laura M. LeFeuvre

16                                             Attorneys for Plaintiff, THE PERFECT EVENT
                                               INC., dba EXTREME ENTERTAINMENT

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A
46     29
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    **DEMAND FOR TRIAL BY JURY**

2    Plaintiff, THE PERFECT EVENT INC., dba EXTREME ENTERTAINMENT hereby

3    demands trial of this matter by jury.

4

5    Dated:   June 18, 2014                    BRADLEY & GMELICH

6

7

8    By:   _Laura LeFeuvre_____

9          Gary J. Bradley
           John K. Flock
10         Laura M. LeFeuvre

11         Attorneys for Plaintiff, THE PERFECT EVENT
           INC., dba EXTREME ENTERTAINMENT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

*

EXHIBIT A
48

## EMPLOYEE NON-DISCLOSURE AGREEMENT

THIS AGREEMENT is made by and between Dan Wilson dba Extreme Greeks, ("Employer"), and __Todd Diamond__ ("Employee"), effective as of the date set forth below.

WITNESSETH:   The parties hereto, intending to be hereby legally bound, agree as follows:

1.   **General.**  The Employee may be receiving from Employer information of a non-public nature for use by the Employee in connection with his or her employment by Employer.

2.   **Confidential Information Defined.**  The parties acknowledge that in the course of the employment of Employee, the Employee may receive certain confidential information from or about Employer or its affiliates, including but not limited to technical, financial and business information and models, names of potential customers, proposed business transactions with third parties, reports, plans, market projects, software programs, data and other confidential and proprietary information relating to Employer or its business whether provided orally or in writing.  All such technical, financial or other business information thus supplied by Employer to Employee, or learned by Employee in the course of his or her employment with the Employer, is hereinafter called the "Information".  The term "Information" as used herein also includes the fact that the Information has been made available to or is being inspected or evaluated by Employee.

3.   **Exclusions from Definition.**  The term "Information" as used herein does not include any data or information which is already known to the Employee at the time of his or her employment.

4.   **Nondisclosure Obligation.**  The Employee receiving any Information shall keep such Information confidential and shall not disclose such Information, in whole or in part, to any person without the express consent of the Employer, either during or after the employment of employee has ended.

5.   **Nonuse Obligation.**  In addition to its obligation of nondisclosure hereunder, the Employee agrees that he or she will not, directly or indirectly, attempt to appropriate or otherwise take for its or other parties' benefit the business opportunity of Employer or information learned either during or after the employment of Employee is ended.

6.   **Ownership.** Return of Information.  All Information (including tangible copies and computerized or electronic versions thereof) shall remain the property of Employer.  Within ten (10) days following the receipt of a written request from Employer the Employee will deliver to Employer all Information received from Employer.

7.   **Applicability to Others.**  The obligations of the Employee hereunder of non-disclosure and non-use shall extend to its employee, and the heirs and family of Employee.

- 1 -

8.    **Governing Law.**  This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of California.

IN WITNESS WHEREOF, the parties have executed and delivered this Nondisclosure Agreement effective as of the date of execution by the last party to execute this Agreement as set forth below.

Employer: ~~Dan Wilson~~

~~Extreme Entertainment~~

By: ~~Dw~~

Title: Owner

Employee: Todd Diamond

_____
Signature

Name: _____

- 2 -

# Exhibit B

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Laura M. LeFeuvre, 291964<br>Bradley & Gmelich<br>700 N. Brand Blvd.<br>Glendale, CA  91203-1422<br>ATTORNEY FOR (Name): Plaintiff | (818) 243-5200<br><br>Ref. No. or File No.<br>658-03490 - The Perfect Eve | |

| Insert name of court, judicial district or branch court, if any: |
|---|
| Superior Court of California, Los Angeles County<br>111 N. Hill Street<br>Los Angeles, CA  90012-3117 |

| PLAINTIFF: |
|---|
| The Perfect Event, Inc., a California Corporation |

| DEFENDANT: |
|---|
| Korey Bosworth, an Individual, et al. |

| PROOF OF SERVICE BY MAIL | | | CASE NUMBER:<br>BC549408 |
|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action.  My business address is 504 Redwood Blvd #223, Novato, CA  94947.

**BY FAX**

On 7/9/2014, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made, I mailed copies of the:

Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment-Unlimited Civil Case (Non-Class Action), Stipulations Package

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, CA, California, addressed as follows:

Todd Diamond an individual
4114 Collwood Lane
San Diego, CA  92115

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 89.65

Khari Wyatt
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA  94947

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 7/10/2014 at Los Angeles, California.

Khari Wyatt

OL# 7352643

EXHIBIT B
51

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| Laura M. LeFeuvre, 291964<br>Bradley & Gmelich<br>700 N. Brand Blvd.<br>Glendale, CA  91203-1422 | | (818) 243-5200 | |
| ATTORNEY FOR (Name):  Plaintiff | | Ref. No. or File No.<br>658-03490 – The Perfect Eve | |

| Insert name of court, judicial district or branch court, if any: |
|---|
| Superior Court of California, Los Angeles County<br>111 N. Hill Street<br>Los Angeles, CA  90012-3117 |

| PLAINTIFF: |
|---|
| The Perfect Event, Inc., a California Corporation |

| DEFENDANT: |
|---|
| Korey Bosworth, an Individual, et al. |

| DECLARATION OF<br>DILIGENCE | | | | CASE NUMBER:<br>BC549408 |
|---|---|---|---|---|

I received the within process on 7/2/2014 and that after due and diligent effort I have been unable to personally serve said party.  The following itemization of the dates and times of attempts details the efforts required to effect personal service. Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

PARTY SERVED:  Todd Diamond an individual

BY FAX

(1) HOME: 4114 Collwood Lane, San Diego, CA 92115

As enumerated below:

7/3/2014  9:37 PM    at address (1) above. No answer.  No answer at door
7/4/2014  7:14 AM    at address (1) above. No answer.  No answer at door
7/5/2014  12:17 PM   at address (1) above. No answer.  No answer at door, quiet inside

Registered California process server.
County: SAN DIEGO
Registration No.: 479

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 7/10/2014 at Los Angeles, California.

Rodrigo Lora

# Exhibit C

*

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Gary J. Bradley, Esq., SBN 144055
John K. Flock, Esq. SBN 200183
BRADLEY & GMELICH
700 N. Brand Blvd., 10th Floor
Glendale, CA 91203
TELEPHONE NO.: (818) 243-5200    FAX NO. *(Optional):* (818) 243-5266
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff, THE PERFECT EVENT, INC.

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

NOV 07 2014

Sherri R. Carter, Executive Officer/Clerk

By Anita Pergler, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012-3014
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: THE PERFECT EVENT, INC., a California
Corporation dba EXTREME ENTERTAINMENTx

DEFENDANT/RESPONDENT:
KOREY BOSWORTH, ET AL.

| **REQUEST FOR** | [ X ] Entry of Default | [ ] Clerk's Judgment | CASE NUMBER: |
|---|---|---|---|
| **(Application)** | [ ] Court Judgment | | BC549408 |

*(stamp:)* Received NOV 07 2014 Default Section

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* June 20, 2014
   b. by *(name):* THE PERFECT EVENT, INC., a California Corporation dba EXTREME ENTERTAINMENTx
   c. [ X ]  Enter default of defendant *(names):* TODD DIAMOND

   d. [ ]  I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [ ]  Enter clerk's judgment
      (1) [ ]  for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169).
         [ ]  Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ]  under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ]  for default previously entered on *(date):*

2. Judgment to be entered.

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint . . . . . . . . . . . . $ | | $ | $ |
| b. | Statement of damages * | | | |
| | (1) Special . . . . . . . . . . . . . . . . $ | | $ | $ |
| | (2) General . . . . . . . . . . . . . . . . $ | | $ | $ |
| c. | Interest . . . . . . . . . . . . . . . . . . . . $ | | $ | $ |
| d. | Costs *(see reverse)* . . . . . . . . . . . . $ | | $ | $ |
| e. | Attorney fees . . . . . . . . . . . . . . . . . $ | | $ | $ |
| f. | **TOTALS** | | $ | $ |

   g. Daily damages were demanded in complaint at the rate of: $          per day beginning *(date):*
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. [ ]  *(Check if filed in an unlawful detainer case)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

Date: November 7, 2014

John K. Flock
_____    ►    _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) [ X ] Default entered as requested on *(date):* NOV 07 2014 | SHERRI R. CARTER |
|---|---|---|
| | (2) [ ] Default NOT entered as requested *(state reason):* | |
| | | Clerk, by: A. PERGLER , Deputy |

Page 1 of 2

| Form Adopted for Mandatory Use | **REQUEST FOR ENTRY OF DEFAULT** | Legal Solutions Plus | Code of Civil Procedure, |
|---|---|---|---|
| Judicial Council of California CIV-100 [Rev. January 1, 2007] | **(Application to Enter Default)** | | §§ 585-587, 1169 |

EXHIBIT C
53

CIV-100

| PLAINTIFF/PETITIONER: THE PERFECT EVENT, INC., a California Corporation dba EXTREME ENTERTAINMENTx | CASE NUMBER: BC549408 |
| DEFENDANT/RESPONDENT: KOREY BOSWORTH, et al. | |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☐ did **not** for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

    a. Assistant's name:                                    c. Telephone no.:
    b. Street address, city, and zip code:                d. County of registration:
                                                          e. Registration no.:
                                                    f. Expires on *(date):*

5. ☒ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action

    a. ☐ is ☒ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
    b. ☐ is ☒ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
    c. ☐ is ☒ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

    a. ☐ **not mailed** to the following defendants, whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names):*

    b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

        (1) Mailed on *(date):* November 7, 2014      (2) To *(specify names and addresses shown on the envelopes):*
                                                         Todd Diamond
                                                         4114 Collwood Lane
                                                         San Diego, CA 92115

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: November 7, 2014

Belinda A. Porras
           (TYPE OR PRINT NAME)                                         (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

    a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . $
    b. Process server's fees . . . . . . . . . . . . . . . . $
    c. Other *(specify):* . . . . . . . . . . . . . . . . . . . $
    d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
    e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . $ _____
    f. ☐ Costs and disbursements are waived.
    g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

           (TYPE OR PRINT NAME)                                          (SIGNATURE OF DECLARANT)

8. ☐ **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

           (TYPE OR PRINT NAME)                                          (SIGNATURE OF DECLARANT)

EXHIBIT C
54

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Laura M. LeFeuvre, 291964<br>Bradley & Gmelich<br>700 N. Brand Blvd.<br>Glendale, CA  91203-1422<br>TELEPHONE NO.: (818) 243-5200<br>ATTORNEY FOR (Name): Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Los Angeles County
111 N. Hill Street
Los Angeles, CA  90012-3117

| PLAINTIFF/PETITIONER: The Perfect Event, Inc., a California Corporation | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Korey Bosworth, an Individual, et al. | BC549408 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>658-03490 - The Perfect Event |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:  Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of
     Location, Notice of Case Assignment-Unlimited Civil Case (Non-Class Action), Stipulations Package

3. a. Party served:    Todd Diamond an individual                            *By Fax*

   b. Person Served:  John Doe (AA/M/5'9"/172lbs/30's) - Co-Occupant

4. Address where the party was served:  4114 Collwood Lane
                                         San Diego, CA  92115

5. I served the party
   b.  by substituted service.  On (date): 7/6/2014         at (time): 3:00 PM        I left the documents listed in item 2 with or
       in the presence of:  John Doe (AA/M/5'9"/172lbs/30's)
       (2)  (home)      a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode
                        of the party. I informed him or her of the general nature of the papers.

   (4) A declaration of mailing is attached.
   (5) I attach a declaration of diligence stating actions taken first to attempt personal service.
6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. as an individual defendant.

7. Person who served papers
   a. Name:        Rodrigo Lora
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA  94947

   c. Telephone number: 415-491-0606
   d. The fee for service was:  $ 89.65
   e. I am:
        (3)  registered California process server.
             (i)  Employee or independent contractor.
             (ii) Registration No.: 479
             (iii) County: SAN DIEGO
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 10/30/2014

Rodrigo Lora
(NAME OF PERSON WHO SERVED PAPERS)                                        (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

OL# 7352643

EXHIBIT C
55

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Laura M. LeFeuvre, 291964<br>Bradley & Gmelich<br>700 N. Brand Blvd.<br>Glendale, CA  91203-1422<br><br>ATTORNEY FOR (Name): Plaintiff | (818) 243-5200<br><br>Ref. No. or File No.<br>658-03490 - The Perfect Eve | |

Insert name of court, judicial district or branch court, if any:

Superior Court of California, Los Angeles County
111 N. Hill Street
Los Angeles, CA  90012-3117

PLAINTIFF:

The Perfect Event, Inc., a California Corporation

DEFENDANT:

Korey Bosworth, an Individual, et al.

| PROOF OF SERVICE BY MAIL | | | | CASE NUMBER:<br>BC549408 |
|---|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action.  My business address is 504 Redwood Blvd #223, Novato, CA  94947.

On 7/9/2014, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made, I mailed copies of the:

Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment-Unlimited Civil Case (Non-Class Action), Stipulations Package

*By Fax*

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, CA, California, addressed as follows:

Todd Diamond an Individual
4114 Collwood Lane
San Diego, CA  92115

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 89.65

Khari Wyatt
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA  94947

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 10/30/2014 at Los Angeles, California.

Khari Wyatt

OL# 7352643

EXHIBIT C
56

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Laura M. LeFeuvre, 291984<br>Bradley & Gmelich<br>700 N. Brand Blvd.<br>Glendale, CA 91203-1422 | (818) 243-5200 | |
| ATTORNEY FOR (Name): Plaintiff | Ref. No. or File No.<br>658-03490 - The Perfect Eve | |

| Insert name of court, judicial district or branch court, if any: |
|---|
| Superior Court of California, Los Angeles County |
| 111 N. Hill Street |
| Los Angeles, CA 90012-3117 |

| PLAINTIFF: |
|---|
| The Perfect Event, Inc., a California Corporation |

| DEFENDANT: |
|---|
| Korey Bosworth, an Individual, et al. |

| DECLARATION OF<br>DILIGENCE | | | | CASE NUMBER:<br>BC549408 |
|---|---|---|---|---|

I received the within process on 7/2/2014 and that after due and diligent effort I have been unable to personally serve said party. The following itemization of the dates and times of attempts details the efforts required to effect personal service. Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

PARTY SERVED: Todd Diamond an individual

(1) HOME: 4114 Collwood Lane, San Diego, CA 92115

As enumerated below:

7/3/2014  9:37 PM   at address (1) above. No answer.  No answer at door
7/4/2014  7:14 AM   at address (1) above. No answer.  No answer at door
7/5/2014  12:17 PM   at address (1) above. No answer.  No answer at door, quiet inside

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 10/30/2014 at Los Angeles, California.

Registered California process server.
County: SAN DIEGO
Registration No.: 479

Rodrigo Lora
One Legal - 194-Marin
504 Redwood Blvd #223



Rodrigo Lora

OL# 7352643

EXHIBIT C
57

# Exhibit D

*





1 | Gary J. Bradley, Esq., State Bar No. 144055
  |   *gbradley@bglawyers.com*
2 | John K. Flock, Esq., State Bar No. 200183
  |   *jflock@bglawyers.com*
3 | Laura M. LeFeuvre, Esq., State Bar No. 291964
  |   *llefeuvre@bglawyers.com*
4 | BRADLEY & GMELICH
  | 700 North Brand Boulevard, 10th Floor
5 | Glendale, California 91203-1422
  | Telephone:   (818) 243-5200
6 | Facsimile:    (818) 243-5266

7 | Attorneys for Plaintiff,
  | THE PERFECT EVENT INC., dba EXTREME
8 | ENTERTAINMENT and
  | EXTREME GREEKS

9

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11

12

THE PERFECT EVENT INC., a California
Corporation dba EXTREME
ENTERTAINMENT and EXTREME
GREEKS

         Plaintiff,

    vs.

KOREY BOSWORTH an Individual; TODD
DIAMOND an Individual; THE
NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY, a
Wisconsin Corporation; SUPREME GREEKS,
a business entity, form unknown; SD GREEK
LIFE, a business entity, form unknown; and
DOES 1 through 50, Inclusive,

         Defendants.

Case No.: BC549408

**PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF:**

1. **MISAPPROPRIATION OF TRADE
   SECRETS;**
2. **BREACH OF WRITTEN
   CONTRACT;**
3. **BREACH OF IMPLIED CONTRACT;**
4. **CONVERSION;**
5. **BREACH OF DUTY OF LOYALTY;**
6. **VIOLATION OF COMPUTER
   FRAUD AND ABUSE ACT;**
7. **TRADEMARK INFRINGEMENT;**

**DEMAND FOR TRIAL BY JURY**

24     Plaintiff, THE PERFECT EVENT INC., dba EXTREME ENTERTAINMENT and

25 EXTREME GREEKS ("Plaintiff" or "Extreme") hereby files its Complaint against KOREY

26 BOSWORTH, TODD DIAMOND, THE NORTHWESTERN MUTUAL LIFE INSURANCE

27 COMPANY, SUPREME GREEKS, and SD GREEK LIFE (collectively "Defendants"), as

28 follows:

1

## JURISDICTION AND VENUE

1.      This judicial district is the proper venue for this action because a written agreement upon which this Complaint is based required performance in this judicial district, and the wrongful acts underlying this action were committed in this judicial district.  The State of California has jurisdiction over Defendants because each resides or conducts business in the State of California, and their wrongful conduct occurred and continues to date in the State of California.

## THE PARTIES

2.      Plaintiff THE PERFECT EVENT INC., dba EXTREME ENTERTAINMENT and EXTREME GREEKS ("Plaintiff" or "Extreme") is a corporation duly organized under the laws of the State of California.  Extreme is authorized to conduct business in California.

3.      Plaintiff is informed and believes that Defendant KOREY BOSWORTH ("Bosworth") is an individual residing in the County of Los Angeles, State of California, who conducts business in California as a co-owner of SUPREME GREEKS and SD GREEK LIFE ("Supreme Greeks") operating in the County of San Diego, State of California.  Bosworth also conducts business in California as a financial representative for NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY ("Northwestern") at 515 S. Flower St Fl. 33, Los Angeles, CA 90071-2201 in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes that Defendant TODD DIAMOND ("Diamond") is an individual residing in the County of San Diego, State of California. Diamond was an employee of Extreme until his resignation on or about January 15, 2014, at which time Plaintiff is informed and believes that he became an equity partner of Supreme Greeks and/or SD Greek Life.

5.      Plaintiff is informed and believes that Defendant Northwestern is a corporation duly organized under the laws of the State of Wisconsin.  Northwestern is authorized to conduct business in California, and its agent for service of process is located at 1425 River Park Drive, Suite 100, Sacramento, California 95815, in the County of Sacramento, State of California. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Bosworth

BRADLEY & GMELICH

EXHIBIT D
59      2

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   had an agency relationship with Northwestern, and Northwestern placed him in a position of trust

2   and confidence, and provided him authority to elicit information from Plaintiff.

3       6.      Each of Northwestern's principles, managers, and managing agents authorized,

4   ratified and/or directly participated in the acts alleged herein.

5       7.      Plaintiff is informed and believes that Defendant Supreme Greeks is a business

6   entity, form unknown, and is authorized to do business in the State of California. Each of its

7   principles, managers, managing agents, authorized, ratified and/or directly participated in the acts

8   alleged herein.

9       8.      Plaintiff is informed and believes that Defendant SD Greek Life is a business

10  entity, form unknown, and is authorized to do business in the State of California. Each of its

11  principles, managers, managing agents, authorized, ratified and/or directly participated in the acts

12  alleged herein.

13      9.      Plaintiff is ignorant of the true names and capacities, whether individual, associate,

14  partnership, corporate, or otherwise, of the Defendants designated herein as Does 1 through 50,

15  inclusive, and therefore sues those Defendants by these fictitious names. Plaintiff is informed

16  and believes, and on that basis alleges, that Does 1 through 50, in some way unknown to Plaintiff,

17  are responsible for the acts and omissions alleged in this Complaint and have incurred liability to

18  Plaintiff therefore. Plaintiff will amend this Complaint to allege the true names and capacities of

19  Does 1 through 50 upon discovery thereof.

20      10.     Plaintiff is informed and believes and thereon alleges that at all times herein

21  mentioned each of the Defendants was the agent and employee of each of the remaining

22  Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of

23  such agency and employment. Each of its principles, managers, managing agents, authorized,

24  ratified and/or directly participated in the acts alleged herein.

25                          **GENERAL ALLEGATIONS**

26      **A.      Plaintiff's Business.**

27      10.     Plaintiff provides event planning and production services marketed specifically to

28  college and university groups in Southern California. These groups have very particular needs

EXHIBIT D

60        3

BRADLEY & GMELICH

1   when conducting events, including transportation, photography and video services,

2   lighting/sound/staging, security staff, and venues. Plaintiff developed a confidential and

3   proprietary method of providing and consolidating these services by establishing specialized

4   relationships and contractual agreements with their service providers. The niche Plaintiff created

5   was to establish a one-stop shop such that the group desiring such services could contract with

6   Plaintiff, who would then provide or subcontract all of the services. Plaintiff spent over a decade

7   establishing relationships with these specialized vendors, obtaining specialized licenses

8   (including, but not limited to, a Private Patrol Operator's license), appropriate insurances, and

9   purchasing and storing specialty equipment. Plaintiff's efforts resulted in a multi-million dollar

10   company with a substantial enterprise value. Clients with which Plaintiff has contracted to

11   provide services have been and are loyal to Plaintiff because Plaintiff is familiar with, and has

12   extensive experience and knowledge in this specialized area of service.

13         11.    Among the more difficult issues in achieving success in Plaintiff's industry is

14   locating transportation vendors and venue managers who are willing to serve the college

15   community. In fact, the identification of these companies and the relationships Plaintiff has

16   established with the individuals employed by such vendors in Southern California is one of

17   Plaintiff's most carefully guarded trade secrets. Plaintiff worked long and hard to establish,

18   maintain, and guard these relationships as well as the specific terms and conditions it has

19   negotiated with such vendors.

20         12.    Plaintiff has invested substantial time, effort, and money to develop both a

21   customer list and substantial contacts and relationships with numerous venues, clients, and

22   potential clients, in Southern California, including, but not limited to San Diego County. Plaintiff

23   has also spent significant time and expense in its employee recruiting efforts in order to provide

24   quality staff and managers to service Plaintiff's clients.

25         13.    An integral part of Plaintiff's business is the identification and retention of those

26   employees, customers and clients who seek specialized event planning services.

27         14.    In order to identify and retain clients, Plaintiff seeks to develop client loyalty by

28   expending substantial efforts and resources to establish goodwill and relationships.

EXHIBIT D

61    4

BRADLEY & GMELICH

15. The market for such specialized event planning services is limited.

**B. Plaintiff's Trade Secrets and Confidential Information.**

16. In order to efficiently and profitably run its business, Plaintiff necessarily uses substantial confidential and proprietary information and trade secrets, including detailed customer lists, vendor lists, venue lists, billing rates, and employee information.

17. Plaintiff has invested significant amounts of time, energy, money, and resources to the development of proprietary and confidential information, including, but not limited to, compensation data, customer lists, vendor lists, venue lists, financial information, marketing strategies, pending projects and proposals, research and development strategies, technological data, company philosophy, methods of operation, pricing structures, staffing models, employee training procedures and manuals, security plans, billing practices, price models, and staffing models (collectively, "Trade Secrets and Confidential Information"). Plaintiff has also worked intensely on establishing relationships with customers and vendors which are reflected in confidential documents. The relationships with customers and vendors cultivated over a period of time is in the nature of a proprietary interest that can be protected.

18. Plaintiff's Trade Secrets and Confidential Information provide Plaintiff with a competitive advantage because the information enables Plaintiff to focus its business on customers and clients who are likely to become repeat business, refer other customers and clients, and further enable Plaintiff to grow its business. Furthermore, Plaintiff expends a significant amount of effort, time, money, and resources developing goodwill and client relationships. Some clients have specific preferences, which are recorded by Plaintiff to ensure the best service possible to a particular client. The security officers, DJs, videographers, supervisors, and operations managers employed by Plaintiff are necessarily aware of these private arrangements and can unfairly exploit these arrangements if they work for a competitor, or attempt to convince clients to cease doing business with Plaintiff.

**C. Defendants' Wrongful Conduct.**

1. BOSWORTH:

19. Several years ago, Bosworth worked for Plaintiff as a security officer. During his

EXHIBIT D

62          5

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**1** employment, he was exposed to Plaintiff's business practices and methodology, yet he was
**2** screened from the most sensitive information of Plaintiff's operations.

**3**   20.   Sometime later, Bosworth pursued a career in financial services and was hired by
**4** Northwestern as a financial representative. Beginning in or around June 2013, Bosworth began a
**5** concerted effort to solicit Plaintiff's business. At first, it appeared as if Bosworth was simply
**6** aggressively marketing Northwestern's financial services. It was later determined that he was
**7** actually trying to build his own business to compete with Plaintiff by obtaining confidential
**8** information and the offer of financial services was merely a ruse. In fact, the offer came at least
**9** six (6) months after Bosworth and Diamond began to conspire against Plaintiff.

**10**   21.   Bosworth contacted Plaintiff's owner Dan Wilson ("Wilson") on numerous
**11** occasions to schedule a meeting with him. Bosworth stated the purpose of the meeting was to see
**12** what, if any, financial services Northwestern could offer Plaintiff. In response, Wilson advised
**13** that Plaintiff already had a financial services representative. Nevertheless, Bosworth was
**14** undaunted and after numerous solicitations, convinced Wilson to meet in order to determine what
**15** financial services Northwestern could offer.

**16**   22.   On July 15, 2013, Wilson met with Bosworth and another agent of Northwestern,
**17** James Verzino ("Verzino"). Prior to the meeting, Wilson was instructed to bring numerous
**18** documents with him related to Plaintiff's business operations. Wilson attended the meeting in
**19** good faith with the understanding that any matters discussed would remain confidential.
**20** However, Bosworth attended the meeting with ulterior motives. Despite the ethical and legal
**21** obligation to do so, neither Bosworth nor Verzino disclosed that Bosworth had an actual and
**22** material conflict of interest in the form of an existing competing business, or that Bosworth was
**23** already working with one of Plaintiff's employees, Diamond.

**24**   23.   In the years since Bosworth left his employment with Plaintiff, he opened a
**25** competing business by duplicating Plaintiff's business model in every detail. The Perfect Event,
**26** Inc. operates under the trade name "Extreme Greeks." Bosworth operates his business under the
**27** trade names "Supreme Greeks" and "SD Greek Life." A review of their websites reveals that the
**28** business models are virtually identical.

EXHIBIT D
63   6

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

BRADLEY & GMELICH

24. At the July 15, 2013 meeting, Bosworth queried Wilson on the most confidential and intimate details of Plaintiff's business operations and practices. Among the topics Wilson was urged to disclose were: identification of key employees; salaries of key employees; volume and profit figures; cost of services; expansion plans; marketing strategies; identification of key vendors, including photographers, security staff, videographers, venues, and transportation companies; equipment Extreme owned, and was intending on acquiring to be used during events; location and detailed terms of the relationship between Extreme and the very limited pool of venues that Extreme works with; and detailed aspects of how Extreme conducts its business affairs. Of particular note was the repeated questioning of Wilson regarding Extreme's San Diego operations, including how long it took the company to train one of its most valued employees, Diamond, to manage that office.

25. Wilson was reluctant to share this information because these details are highly confidential and were developed over many years of concerted and directed effort. After repeated questioning, Wilson made these disclosures confidentially, and with the reasonable expectation that the disclosures would not be used against him or Plaintiff. Such disclosures were revealed with the belief that Bosworth was helping Plaintiff cultivate specific employee retirement, incentive, and retention plans through a deferred payout account, centralized health insurance, HSA's and other financial tools. Certainly, had Wilson known that the very individual to whom he was making such disclosures was operating a competing business, he never would have done so.

26. Over the following months, Bosworth began to expand his competing business in earnest once he had tricked Wilson into disclosing the roadmap about how the business could operate and grow. It is noteworthy that Supreme Greeks initially focused its operations in Texas. However, shortly after the July 15, 2013 meeting, SD Greek Life commenced operations in San Diego, California. The very same market in which Plaintiff had worked to establish for over three (3) years.

27. Bosworth also wronged Plaintiff by directly soliciting Extreme's San Diego manager, Diamond, to join Bosworth's competing business. It appears Bosworth and Diamond

EXHIBIT D

64    7

1    have been in contact since January 2013, while Diamond was still employed by Plaintiff.  On or

2    about January 15, 2014, Diamond abruptly resigned from Extreme.  Bosworth is currently

3    attempting to usurp each and every one of Extreme's clients in the San Diego area and convince

4    Extreme's employees to terminate their business relationships with Extreme.

5           28.    Confidential information was disclosed to Bosworth by a combination of Diamond

6    violating the terms of his trade secret and nondisclosure agreement and information that Wilson

7    disclosed to Bosworth while Bosworth was pretending to offer financial advice and services.

8    There is little doubt that Diamond and Bosworth conspired to irreparably damage Plaintiff.

9           2.     DIAMOND:

10          29.    Diamond was a key employee of Plaintiff, who eventually became manager of

11   Plaintiff's San Diego branch. At all times he owed a duty of loyalty to Plaintiff.

12          30.    On or about January 4, 2010, Diamond executed an agreement entitled Employee

13   Non-Disclosure Agreement (the "Agreement").  Under the Agreement, he promised to refrain

14   from misappropriating Extreme's confidential information, using its trade secrets, and soliciting

15   its employees and clients. (Attached hereto as Exhibit "A.")

16          31.    It has since become clear that Diamond violated numerous terms of the

17   Agreement, as well as California law.  Diamond contacted numerous clients, employees, and

18   vendors of Extreme in an attempt to divert business.  Diamond was working for Supreme Greeks

19   and/or SD Greek Life at the same time that he was working for Extreme, and he hijacked

20   Extreme's entire business model in direct violation of the Agreement.

21          32.    On or about January 15, 2014,  Diamond abruptly resigned from Extreme.  At the

22   time, Diamond stated that he was planning to move to Texas to pursue a another employment

23   opportunity.  However, he was uncharacteristically tight-lipped about who he would be working

24   for and in what industry.  In an effort to retain Diamond, Wilson attempted to renegotiate the

25   terms of his employment and offered him a substantial salary increase.  On or about January 14,

26   2014, Diamond agreed to remain working for Extreme, but the following day Diamond reversed

27   himself and resigned a second time.

28          33.    At the time of his resignation, Diamond indicated that he was becoming an equity

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

BRADLEY & GMELICH

1  partner in a business in Texas. It has since been discovered that he instead became an equity
2  partner of Supreme Greeks and/or SD Greek Life, and at all times following his resignation acted
3  in his individual capacity, and on behalf of Supreme Greeks and/or SD Greek Life.

4      34.    Also in January 2014, Diamond's assistant manager Chris Johnson indicated that
5  Diamond was working with Bosworth and Supreme Greeks and/or SD Greek Life. In addition,
6  Wilson found emails to and from Diamond's company email address showing evidence of him
7  working for Supreme Greeks and/or SD Greek Life while he was employed by Extreme in
8  violation of California *Labor Code* §2863. Moreover, continuing emails sent to Diamond's
9  account indicate that he has taken events that he started planning while at Extreme, and
10 unlawfully converted them for the benefit of Supreme Greeks and/or SD Greek Life.

11     35.    Diamond has contacted Extreme's San Diego clients and vendors and converted
12 these business opportunities to Supreme Greeks and/or SD Greek Life. Diamond has also
13 recruited employees of Extreme such as Chris Johnson to work for Supreme Greeks and/or SD
14 Greek Life. Moreover, Diamond may have transmitted Extreme's insurance and PPO license
15 information to prospective clients of Supreme Greeks and/or SD Greek Life.

16     36.    Diamond, and/or a professional hired by Diamond, intentionally deleted client
17 information and other confidential data from Extreme's main computer at its San Diego location.
18 It appears that on or about January 20, 2014, five (5) days after Diamond resigned, the
19 computer's hard drive was entirely wiped clean and a new operating system installed, leaving
20 recovery of any data virtually impossible. These acts were performed by Diamond in his
21 individual capacity, and on behalf of Supreme Greeks.

22     37.    Diamond also converted Plaintiff's property, specifically a Dell computer that was
23 purchased by Plaintiff for use in their San Diego office. Upon Diamond's resignation the
24 computer was not returned to Plaintiff, and Plaintiff is informed and believes that Diamond
25 converted it to his own use and the use of Supreme Greeks and/or SD Greek Life.

26         3.    NORTHWESTERN:

27     38.    Plaintiff is informed and believes that Bosworth is a financial representative in an
28 agency relationship with Northwestern. Plaintiff is informed and believes that financial

BRADLEY & GMELICH

1   representatives are required to make recommendations that are consistent with their customers'

2   best interests, not the representative's own financial benefit.  Bosworth made no efforts to

3   conceal his affiliation with Supreme Greeks from Northwestern.  Moreover, it appears that

4   Verzino and Northwestern were fully aware of Bosworth's competing business well in advance

5   of the meeting with Wilson.  Verzino, as a licensed agent, had an obligation to investigate who he

6   and Bosworth were meeting with and advise Wilson of the conflict of interest before the

7   disclosures were made.

8       39.    Northwestern and its financial representatives are required to keep clients' and

9   potential clients' information confidential.  Plaintiff's confidential information and documents

10  should have only been used within the context of Northwestern providing financial services and

11  advice. Instead, Bosworth failed to keep the information he learned in his financial representative

12  capacity confidential, and instead disclosed the information to others and used it for his

13  competing businesses, Supreme Greeks and SD Greek Life.

14      40.    Northwestern failed to provide adequate training to both Bosworth and Verzino

15  about their ethical obligations as well as their disclosure duties to potential clients.  Northwestern

16  intentionally concealed his conflict of interest from Plaintiff, and appropriated the Trade Secrets

17  and Confidential Information of a potential client for his own use.  Bosworth's acts were

18  committed within the course and scope of his agency relationship with Northwestern.

19      4.    SUPREME GREEKS AND SD GREEK LIFE:

20      41.    Supreme Greeks and/or SD Greek Life operate based on Trade Secrets and

21  Confidential Information unlawfully extracted from Wilson by Bosworth, who posed as a

22  financial representative.  Furthermore, Supreme Greeks and SD Greek Life induced Diamond to

23  breach his agreement with a competitor, made him an equity partner, and has profited from

24  Diamond's inside information.  Supreme Greeks and SD Greek Life was on notice that Diamond

25  had unlawfully misappropriated client lists, business models, and other trade secrets, and any use

26  of that information by Supreme Greeks and SD Greek Life subjects it to liability.  Supreme

27  Greeks and SD Greek Life has been using Plaintiff's business model, and has contacted

28  Plaintiff's clients and venues and inferred with existing business relationships.  Supreme Greeks

EXHIBIT D
67      10

BRADLEY & GMELICH

1 and SD Greek Life has profited from Plaintiff's trade secrets, and has demonstrated a variety of
2 unfair and unlawful business practices.

### FIRST CAUSE OF ACTION

**(Misappropriation of Trade Secrets Against all Defendants)**

5     42.    Plaintiff re-alleges and incorporates by reference each and every allegation
6 contained in Paragraphs 1 through 41, above, as though set forth in full herein.

7     43.    The acts of Defendants constitute misappropriation of trade secrets, as defined in
8 California *Civil Code* §3426, *et seq.*, and is a violation of the California *Uniform Trade Secrets*
9 *Act*.

10     44.    At all times during his employment with Plaintiff, Diamond was in possession of
11 and had access to Plaintiff's Trade Secrets and Confidential Information as more specifically set
12 forth in Paragraphs 1 through 41, above. Bosworth came into possession of Plaintiff's trade
13 secrets by acting as a financial representative for Northwestern without disclosing his conflict of
14 interest, or maintaining his prospective client's confidential disclosures, as more specifically set
15 forth in Paragraphs 1 through 41, above. Supreme Greeks and SD Greek Life was on notice that
16 Diamond and Bosworth unlawfully misappropriated client lists, business models, and other trade
17 secrets and has used those secrets its business operations. Compilation of the Trade Secrets and
18 Confidential Information was the result of a substantial amount of time, effort, and money on the
19 part of Plaintiff in the operation of their business. Furthermore, establishing goodwill and client
20 relationships was also a result of a substantial amount of time, effort, and money on the part of
21 Plaintiff in the operation of their business.

22     45.    It appears that Bosworth and Diamond began a business relationship in January of
23 2013, while Diamond was still employed by Plaintiff, and the two parties worked together to
24 obtain Plaintiff's trade secrets.

25     46.    The Trade Secrets and Confidential Information had, and continue to have,
26 economic value in that they constitute and/or contain information not generally known to the
27 public or persons who could obtain economic value from its disclosure, and represent substantial
28 research and confidential communications between Plaintiff and their potential and existing

EXHIBIT D
68    11

BRADLEY & GMELICH

1 customers.

2 47. Plaintiff has made every effort to ensure that the Trade Secrets and Confidential
3 Information remain secret and confidential property. For example, Plaintiff had Diamond and
4 other employees sign a non-disclosure agreement. Plaintiff has had a longstanding policy that all
5 information relating to communications, financial information and contracts with customers and
6 potential customers, and their identities, is confidential and should be kept confidential by all of
7 Plaintiff's employees, both during employment and after termination of employment.

8 48. The goodwill and client relationships established by Plaintiff had, and continue to
9 have, economic value in that they constitute years of effort and resources expended by Plaintiff in
10 order to establish them.

11 49. As alleged in Paragraphs 1 through 41 above, Defendants have misappropriated,
12 and continue to misappropriate, Plaintiff's Trade Secrets and Confidential Information.
13 Defendants have used, and continue to use, the Trade Secrets and Confidential Information to
14 their own benefit and to the detriment of Plaintiff. Their actions have already caused Plaintiff to
15 suffer losses in an amount according to proof at trial.

16 50. As a direct result of Defendants' wrongful acts, Plaintiff has suffered and
17 continues to suffer, among other things, general and special damages in accordance with proof,
18 which are above the jurisdictional limit of this Court.

19 51. Plaintiff is informed and believes, and on that basis alleges, that Defendants acted
20 intentionally in conscious disregard of the rights of Plaintiff, with fraud, malice and oppression,
21 in that they knew that their acts and conduct, as alleged hereinabove, were unjustified and would
22 result in severe financial and economic injury to Plaintiff and intentionally kept such acts secret
23 from Plaintiff. Accordingly, Plaintiff is entitled to an award of punitive damages against
24 Defendants. The amount of such punitive damages should be determined at the time of trial of
25 this action.

26 **SECOND CAUSE OF ACTION**

27 **(Breach of Written Contract Against Diamond)**

28 52. Plaintiff re-alleges and incorporates by reference each and every allegation

EXHIBIT D

69    12

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  contained in Paragraphs 1 through 41, above, as though set forth in full herein.

2      53.    The Agreement executed by Diamond, among other things, stated that he would
3  keep confidential, both during and after his employment relationship with Plaintiff, all of the
4  Trade Secrets and Confidential Information belonging to Plaintiff. By executing the Agreement,
5  Diamond understood and agreed that information that was supplied to him, including but not
6  limited to Plaintiff's client lists, employee data, billing records, invoices, schedules, and other
7  confidential information, were trade secrets, and were provided in confidence for the sole purpose
8  of facilitating his duties as an employee of Plaintiff, and was not to be disclosed, in whole or in
9  part, to any person.

10      54.    Plaintiff has performed all conditions, covenants, and promises required of it
11  under the terms of the Agreement.

12      55.    Diamond breached the Agreement by, among other things:  disclosing the inner
13  workings of Plaintiff's operations; secretly gathering Trade Secrets and Confidential Information
14  about Plaintiff's customers and their confidential customer information needs while still
15  employed by Plaintiff for the purpose of soliciting those customers after he separated from
16  employment with Plaintiff; failing to maintain the confidence of Plaintiff's Trade Secrets and
17  Confidential Information, and using client lists and/or information by providing such information
18  to Supreme Greeks; secretly soliciting Plaintiff's customers and employees, for the benefit of
19  Supreme Greeks, or other competitors of Plaintiff.

20      56.    As a direct result of the actions of Diamond, as alleged in Paragraphs 1 through
21  41, above, and in this cause of action. Plaintiff has suffered actual damages in an amount to be
22  determined according to proof at trial.

23      **THIRD CAUSE OF ACTION**

24      **(Breach of Implied Contract Against Diamond)**

25      57.    Plaintiff re-alleges and incorporates by reference each and every allegation
26  contained in Paragraphs 1 through 41, above, as though set forth in full herein.

27      58.    Pursuant to *Civil Code* §1619 *et seq.* a contract may be implied by the conduct of
28  the parties to it. Upon being hired, Diamond promised he would keep confidential, both during,

EXHIBIT D
70    13

BRADLEY & GMELICH

1   and after, his employment relationship with Plaintiff all of the Trade Secrets and Confidential

2   Information belonging to Plaintiff.  Diamond understood and agreed that information that was

3   supplied to him, including but not limited to Plaintiff's client lists, vendor lists, employee data,

4   billing records, invoices, schedules, and other confidential information, were trade secrets, and

5   were provided in confidence for the sole purpose of facilitating his duties as an employee of

6   Plaintiff, and was not to be disclosed, in whole or in part, to any person.

7       59.     Each party intended that a contract be formed, and acted as though a contract had

8   been formed. The parties reduced the agreement to writing.

9       60.     Diamond breached the implied contract between the parties by, among other

10  things:  disclosing the inner workings of Plaintiff's operations; secretly gathering Trade Secrets

11  and Confidential Information about Plaintiff's customers and their confidential customer

12  information needs while still employed by Plaintiff for the purpose of soliciting those customers

13  after he separated from employment with Plaintiff;  failing to maintain the confidence of

14  Plaintiff's Trade Secrets and other Confidential Information, and using client lists and/or

15  information by providing such information to Supreme Greeks and/or SD Greek Life; secretly

16  soliciting Plaintiff's customers and employees, for the benefit of Supreme Greeks and/or SD

17  Greek Life, or other competitors of Plaintiff.

18      61.     As a direct result of the actions of Diamond, as alleged in Paragraphs 1 through

19  41, above, and in this cause of action.  Plaintiff has suffered actual damages in an amount to be

20  determined according to proof at trial.

21                      **FOURTH CAUSE OF ACTION**

22          **(Conversion Against Diamond, Supreme Greeks, and SD Greek Life)**

23      62.     Plaintiff re-alleges and incorporates by reference each and every allegation

24  contained in Paragraphs 1 through 41, above, as though set forth in full herein.

25      63.     Plaintiff purchased a Dell computer for use in their San Diego office.  While

26  Diamond was permitted to use the computer as part of his employment, it was at all times owned

27  by Plaintiff and constitutes Plaintiff's personal property.

28      64.     Upon Diamond's resignation, the computer was not returned to Plaintiff, and

BRADLEY & GMELICH

1  Plaintiff is informed and believes that Diamond, acting in his individual capacity and as an agent
2  of Supreme Greeks and/or SD Greek Life, took the computer with him when he resigned, and
3  converted it to his own use and the use of Supreme Greeks and/or SD Greek Life.

4     65.   As a direct and proximate result of the conversion by Diamond, Plaintiff has been
5  damaged in an amount according to proof to be determined at the time of trial.

6     66.   Diamond acted intentionally and in conscious disregard of the rights of Plaintiff
7  with fraud, malice and oppression, in that he knew that his acts and conduct, as alleged in
8  Paragraphs 1 through 41 above, were unjustified and would result in injury to Plaintiff.
9  Accordingly, Plaintiff is entitled to an award of punitive damages against Diamond. The amount
10 of such punitive damages should be determined at the time of trial.

11                                **FIFTH CAUSE OF ACTION**

12            **(Breach of Duty of Loyalty in Violation of *Labor Code* §2863 Against Diamond)**

13    67.   Plaintiff re-alleges and incorporates by reference each and every allegation
14 contained in Paragraphs 1 through 41, above, as though set forth in full herein.

15    68.   Diamond was an employee and branch manager of Extreme, with knowledge of its
16 business model, clients, and other Confidential Information, and as such owed a statutory duty of
17 loyalty to the company.  Pursuant to *Labor Code* §2863, "an employee who has any business to
18 transact on his own account, similar to that intrusted to him by his employer, shall always give
19 the preference to the business of the employer."

20    69.   Diamond knowingly acted on his own account and against Extreme's interests in
21 connection with his role as manager, by working for a competitor for over a year while still being
22 employed at Extreme; misappropriating confidential information, disclosing client lists, business
23 models, Trade Secrets and other Confidential Information to Supreme Greeks and/or SD Greek
24 Life, deleting data from Extreme's computers; and soliciting clients away from Extreme.

25    70.   As a direct and proximate result of Diamond's breach of loyalty, Plaintiff has been
26 damaged in an amount according to proof to be determined at the time of trial.

27    71.   Diamond acted intentionally and in conscious disregard of the rights of Plaintiff
28 with fraud, malice and oppression, in that he knew that his acts and conduct, As alleged in

BRADLEY & GMELICH

1 Paragraphs 1 through 41 above, were unjustified and would result in severe financial and

2 economic injury to Plaintiff, and intentionally kept such acts secret from Plaintiff. Accordingly,

3 Plaintiff is entitled to an award of punitive damages against Diamond. The amount of such

4 punitive damages should be determined at the time of trial.

5 ## SIXTH CAUSE OF ACTION

6 **(Violation of Computer Fraud and Abuse Act Against Diamond, Supreme Greeks, and SD Greek Life)**

7     72.    Plaintiff re-alleges and incorporates by reference each and every allegation

8 contained in Paragraphs 1 through 41, above, as though set forth in full herein.

9     73.    Diamond, in his personal capacity and on behalf of Supreme Greeks and/or SD

10 Greek Life, intentionally accessed Plaintiff's computer without authorization and obtained

11 confidential information from a protected computer used in and affecting interstate commerce or

12 communication, in violation of The Computer Fraud and Abuse Act (18 USC §1030).

13     74.    Diamond and Supreme Greeks and/or SD Greek Life committed the act of

14 accessing Plaintiff's computer  for their own commercial advantage and private financial gain.

15     75.    Their act of accessing Plaintiff's computer was in furtherance of Diamond and

16 Supreme Greeks and/or SD Greek Life's other tortious acts described above, including but not

17 limited to, misappropriation of trade secrets and conversion.

18     76.    The value of the information obtained from Plaintiff's protected computer exceeds

19 $5,000.00, and Plaintiff has been damaged in an amount according to proof to be determined at

20 the time of trial.

21 ## SEVENTH CAUSE OF ACTION

22 **(Trademark Infringement Against Bosworth, Supreme Greeks, and SD Greek Life)**

23     77.    Plaintiff re-alleges and incorporates by reference each and every allegation

24 contained in Paragraphs 1 through 41, above, as though set forth in full herein.

25     78.    Plaintiff is the owner of the fictitious business name "Extreme Greeks" and filed

26 said name on January 29, 2007.  Bosworth did not file the fictitious business name "Supreme

27 Greeks" until March 9, 2012.

28

BRADLEY & GMELICH

EXHIBIT D

73    16

1    79.    Plaintiff use the name "Extreme Greeks" in connection with their services, and the
2    name has become an intrinsic and essential part of the valuable goodwill and property of Plaintiff.
3    The name is well known and established to customers and identifies and distinguishes Plaintiff's
4    distinctive high quality services from all others.

5    80.    The name "Supreme Greeks" is substantially similar, and is very likely to cause
6    confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of
7    Defendants' services.

8    81.    In addition the name "SD Greek Life" is substantially similar and is very likely to
9    cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of
10   Defendants' services.  Extreme has consistently used the "Greek" name in relation to its event
11   services for college sororities and fraternities, and  "SD Greek Life" would be very confusing.

12   82.    Defendants' infringement of Plaintiff's name is willful, and intended to reap the
13   benefit of the goodwill of Plaintiff.

14   83.    As a direct and proximate result of Bosworth and Supreme Greeks and/or SD
15   Greek Life's wrongful acts, Plaintiff has suffered and continues to suffer, among other things,
16   general and special damages according to proof, which are above the jurisdictional threshold of
17   this Court.

18                                    **PRAYER FOR RELIEF**

19   As to Plaintiff's First Cause of Action, Plaintiff prays for judgment, as follows:

20   1.    An injunction restraining and enjoining Defendants for two (2) years from:

21          (i)    soliciting, whether directly or indirectly, and whether alone or in concert
22   with others, any business from any of Plaintiff's clients or customers whose names became known
23   to Diamond and/or Bosworth;

24          (ii)    continuing to serve the clients that they have already diverted from Plaintiff
25   through their unlawful acts;

26          (iii)    using, disclosing, transmitting, and continuing to possess for any purpose
27   Plaintiff's trade secrets and confidential information, including, but not limited to, the client and
28   customer lists that Defendants have obtained;

EXHIBIT D
74       17

BRADLEY & GMELICH

1           (iv)     altering, removing, destroying, erasing, or deleting any evidence, including

2 without limitation, hard copy documents and information residing in personal and business

3 computer drives, relating to Plaintiff and any of Defendants' activities in connection with Plaintiff

4 or Plaintiff's clients and customers;

5           (v)     inducing or attempting to induce any of Plaintiff's present, former, or

6 prospective clients and customers whose identities became known to Defendants through the acts

7 of Diamond and/or Bosworth to terminate their financial relationships with Plaintiff; and

8           (vi)     inducing or attempting to induce any of Plaintiff's employees to leave

9 Plaintiff's employ for the purposes of joining any competitor of Plaintiff;

10     2.     An order requiring Defendants to immediately return to Plaintiff all originals and/or

11 copies of any of its documents, records, computer files, databases, customer lists, information, or

12 other materials of a confidential or proprietary nature presently in Defendants' possession or under

13 Defendants' control;

14     3.     An order requiring Defendants to hold any assets unlawfully obtained as alleged

15 herein in constructive trust for the benefit of Plaintiff;

16     4.     Disgorgement of all profits received by virtue of Defendants' wrongful conduct;

17     5.     Compensatory, special and/or general damages in an amount to be determined at

18 trial;

19     6.     Punitive Damages;

20     7.     Reasonable attorney's fees pursuant to *Civil Code* §3426.4;

21     8.     Pre-judgment interest on any monetary award, as permitted by law;

22     9.     All costs of suit herein incurred; and

23     10.    For such other and further relief as the Court may deem just and proper.

24     As to Plaintiff's Fourth, Fifth, and Seventh Causes of Action, Plaintiff prays for judgment,

25 as follows:

26     1.     An injunction restraining and enjoining Defendants for two (2) years from:

27           (i)     soliciting, whether directly or indirectly, and whether alone or in concert

28 with others, any business from any of Plaintiff's clients or customers whose names became known

BRADLEY & GMELICH

EXHIBIT D
75        18

1   to Diamond and/or Bosworth;

2           (ii)    continuing to serve the clients that they have already diverted from Plaintiff
3   through their unlawful acts;

4           (iii)   using, disclosing, transmitting, and continuing to possess for any purpose
5   Plaintiff's trade secrets and confidential information, including, but not limited to, the client and
6   customer lists that Defendants have obtained;

7           (iv)    altering, removing, destroying, erasing, or deleting any evidence, including
8   without limitation, hard copy documents and information residing in personal and business
9   computer drives, relating to Plaintiff and any of Defendants' activities in connection with Plaintiff
10  or Plaintiff's clients and customers;

11          (v)     inducing or attempting to induce any of Plaintiff's present, former, or
12  prospective clients and customers whose identities became known to Defendants through the acts
13  of Diamond and/or Bosworth to terminate their financial relationships with Plaintiff; and

14          (vi)    inducing or attempting to induce any of Plaintiff's employees to leave
15  Plaintiff's employ for the purposes of joining any competitor of Plaintiff;

16      2.      An order requiring Defendants to immediately return to Plaintiff all originals and/or
17  copies of any of its documents, records, computer files, databases, customer lists, information, or
18  other materials of a confidential or proprietary nature presently in Defendants' possession or under
19  Defendants' control;

20      3.      An order requiring Defendants to hold any assets unlawfully obtained as alleged
21  herein in constructive trust for the benefit of Plaintiff;

22      4.      Disgorgement of all profits received by virtue of Defendants' wrongful conduct;

23      5.      Compensatory, special and/or general damages in an amount to be determined at
24  trial;

25      6.      Punitive Damages;

26      7.      Pre-judgment interest on any monetary award, as permitted by law;

27      8.      All costs of suit herein incurred; and

28      9.      For such other and further relief as the Court may deem just and proper.

EXHIBIT D
76      19

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

BRADLEY & GMELICH

1 | As to Plaintiff's Second and Third Causes of Action, Plaintiff prays for judgment, as
2 | follows:

3 | 1.      An injunction restraining and enjoining Defendants for two (2) years from:

4 | (i)      soliciting, whether directly or indirectly, and whether alone or in concert
5 | with others, any business from any of Plaintiff's clients or customers whose names became known
6 | to Diamond and/or Bosworth;

7 | (ii)     continuing to serve the clients that they have already diverted from Plaintiff
8 | through their unlawful acts;

9 | (iii)    using, disclosing, transmitting, and continuing to possess for any purpose
10 | Plaintiff's trade secrets and confidential information, including, but not limited to, the client and
11 | customer lists that Defendants have obtained;

12 | (iv)     altering, removing, destroying, erasing, or deleting any evidence, including
13 | without limitation, hard copy documents and information residing in personal and business
14 | computer drives, relating to Plaintiff and any of Defendants' activities in connection with Plaintiff
15 | or Plaintiff's clients and customers;

16 | (v)      inducing or attempting to induce any of Plaintiff's present, former, or
17 | prospective clients and customers whose identities became known to Defendants through the acts
18 | of Diamond and/or Bosworth to terminate their financial relationships with Plaintiff; and

19 | (vi)     inducing or attempting to induce any of Plaintiff's employees to leave
20 | Plaintiff's employ for the purposes of joining any competitor of Plaintiff;

21 | 2.      An order requiring Defendants to immediately return to Plaintiff all originals and/or
22 | copies of any of its documents, records, computer files, databases, customer lists, information, or
23 | other materials of a confidential or proprietary nature presently in Defendants' possession or under
24 | Defendants' control;

25 | 3.      An order requiring Defendants to hold any assets unlawfully obtained as alleged
26 | herein in constructive trust for the benefit of Plaintiff;

27 | 4.      Disgorgement of all profits received by virtue of Defendants' wrongful conduct;

28 | 5.      Compensatory, special and/or general damages in an amount to be determined at

EXHIBIT D

77      20

BRADLEY & GMELICH

1 | trial;

2 |     6.    Pre-judgment interest on any monetary award, as permitted by law;

3 |     7.    All costs of suit herein incurred; and

4 |     8.    For such other and further relief as the Court may deem just and proper.

5 | As to Plaintiff's Sixth Cause of Action, Plaintiff prays for judgment, as follows:

6 |     1.    An injunction restraining and enjoining Defendants from further accessing any of

7 | Plaintiff's computers;

8 |     2.    Compensatory, special and/or general damages in an amount to be determined at

9 | trial;

10 |     3.    Pre-judgment interest on any monetary award, as permitted by law;

11 |     4.    All costs of suit herein incurred; and

12 |     5.    For such other and further relief as the Court may deem just and proper.

13 | Dated: December 10, 2014                BRADLEY & GMELICH

By:

              Gary J. Bradley
              John K. Flock
              Laura M. LeFeuvre

              Attorneys for Plaintiff,
              THE PERFECT EVENT INC., dba EXTREME
              ENTERTAINMENT

BRADLEY & GMELICH *(side margin)*

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    **DEMAND FOR TRIAL BY JURY**

2    Plaintiff, THE PERFECT EVENT INC., dba EXTREME ENTERTAINMENT and

3    EXTREME GREEKS hereby demands trial of this matter by jury.

4    Dated:  December 10, 2014          BRADLEY & GMELICH

5

6

7                              By:  _____

8                                   Gary J. Bradley
                                     John K. Flock
9                                   Laura M. LeFeuvre

10                                  Attorneys for Plaintiff,
                                     THE PERFECT EVENT INC., dba EXTREME
11                                  ENTERTAINMENT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT D
79      22

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# Exhibit A

*

EXHIBIT D
80

# EMPLOYEE NON-DISCLOSURE AGREEMENT

THIS AGREEMENT is made by and between Dan Wilson dba Extreme Greeks, ("Employer"), and ___Todd Diamond___ ("Employee"), effective as of the date set forth below.

WITNESSETH:   The parties hereto, intending to be hereby legally bound, agree as follows:

1.    **General.**  The Employee may be receiving from Employer information of a non-public nature for use by the Employee in connection with his or her employment by Employer.

2.    **Confidential Information Defined.**  The parties acknowledge that in the course of the employment of Employee, the Employee may receive certain confidential information from or about Employer or its affiliates, including but not limited to technical, financial and business information and models, names of potential customers, proposed business transactions with third parties, reports, plans, market projects, software programs, data and other confidential and proprietary information relating to Employer or its business whether provided orally or in writing.  All such technical, financial or other business information thus supplied by Employer to Employee, or learned by Employee in the course of his or her employment with the Employer, is hereinafter called the "Information".  The term "Information" as used herein also includes the fact that the Information has been made available to or is being inspected or evaluated by Employee.

3.    **Exclusions from Definition.**  The term "Information" as used herein does not include any data or information which is already known to the Employee at the time of his or her employment.

4.    **Nondisclosure Obligation.**  The Employee receiving any Information shall keep such Information confidential and shall not disclose such Information, in whole or in part, to any person without the express consent of the Employer, either during or after the employment of employee has ended.

5.    **Nonuse Obligation.**  In addition to its obligation of nondisclosure hereunder, the Employee agrees that he or she will not, directly or indirectly, attempt to appropriate or otherwise take for its or other parties' benefit the business opportunity of Employer or information learned either during or after the employment of Employee is ended.

6.    **Ownership.** Return of Information.  All Information (including tangible copies and computerized or electronic versions thereof) shall remain the property of Employer.  Within ten (10) days following the receipt of a written request from Employer the Employee will deliver to Employer all Information received from Employer.

7.    **Applicability to Others.**  The obligations of the Employee hereunder of non-disclosure and non-use shall extend to its employee, and the heirs and family of Employee.

- 1 -

8.   **Governing Law.**   This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of California.

IN WITNESS WHEREOF, the parties have executed and delivered this Nondisclosure Agreement effective as of the date of execution by the last party to execute this Agreement as set forth below.

Employer: _Dan Wilson_

_Extreme Entertainment_

By: _____

Title: _Owner_

Employee: _Todd Diamond_

_____
Signature

Name: _____

- 2 -

**BRADLEY & GMELICH**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 700 North Brand Boulevard, 10th Floor, Glendale, California 91203.

On December 10, 2014, I served true copies of the following document(s) described as **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF...; DEMAND FOR TRIAL BY JURY** on the interested parties in this action as follows:

R. Scott Sokol, Esq.
Allison L. Jones, Esq.
GORDON & REES, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: 619-696-6700
Facsimile: 619-696-7124
*ssokol@gordonrees.com*
*ajones@gordonrees.com*
*Attorneys for Defendant, KOREY*
*BOSWORTH*

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Bradley & Gmelich's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 10, 2014, at Glendale, California.

Belinda A. Porras

EXHIBIT D
83

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# Exhibit E

*

JOHN K. FLOCK
BRADLEY & GMELICH
700 N. BRAND BLVD. 10TH. FL.  GLENDALE, CA 91203
**Attorney For:**
TELEPHONE NO.: (818) 243-5200      FAX NO. (Optional): (818) 243-5266.
E-MAIL ADDRESS (Optional):

SBN: 200183

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JAN 1 6 2015

Sherri R. Carter, Executive Officer/Clerk

By CRISTIN ROBINSON

Los Angeles County Superior Court - Stanley Mosk
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PLAINTIFF (name each): THE PERFECT EVENT
DEFENDANT (name each): BOSWORTH, ET AL.

CASE NUMBER:
BC549408

| PROOF OF SERVICE | HEARING DATE: | DAY: | TIME: | DEPT.: | Ref No. or File No.: 658-03490 |
|---|---|---|---|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND I SERVED COPIES OF THE:

**CONFORMED FIRST AMENDED COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE**

PARTY SERVED:  **TODD DIAMOND, AN INDIVIDUAL**

BY LEAVING WITH:  **"JOHN DOE" (refused name) - CO-OCCUPANT**

DATE & TIME OF DELIVERY:  **1/8/2015**
**7:29 PM**

ADDRESS, CITY, AND STATE:

**4114 COLLWOOD LANE**
**SAN DIEGO, CA 92115**

PHYSICAL DESCRIPTION:  **Age: 30**      **Weight: 200**          **Hair: brn**
**Sex: Male**      **Height: 6'1"**          **Eyes:**
**Race: Blk**                **Marks:**

MANNER OF SERVICE:

Substituted Service - By leaving the copies with or in the presence of "JOHN DOE" (refused name) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the person served. I informed him/her of the general nature of the papers.

A declaration of diligence is attached.

Thereafter the copies were mailed to the person served, addressed as shown in above address, by first-class mail, postage prepaid, on  January 09, 2015 from SAN DIEGO. See attached proof of service by mail.

Fee for Service: 85.00
County:  San Diego
Registration No.:  1232
Janney & Janney Attorney Service, Inc.
1545 Wilshire Blvd., Suite 311
Los Angeles, CA 90017
(213) 628-6338

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on: January 09, 2015.

Signature: 
William P. Gager, Jr.

**PROOF OF SERVICE**

Order#: LA412151806 /General

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)<br>**JOHN K. FLOCK**             SBN: 200183<br>**BRADLEY & GMELICH**<br>**700 N. BRAND BLVD, 10TH. FL.  GLENDALE, CA 91203**<br><br>—TELEPHONE NO.: **(818) 243-5200** ———— ————FAX NO.(Optional): **(818) 243-5266** ———<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): **:** | FOR COURT USE ONLY |
|---|---|
| **Los Angeles County Superior Court - Stanley Mosk**<br>STREET ADDRESS: **111 N. Hill St.**<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: **Los Angeles, CA 90012**<br>BRANCH NAME: **Central** | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: **THE PERFECT EVENT**<br><br>DEFENDANT/RESPONDENT: **BOSWORTH, ET AL.** | CASE NUMBER:<br><br>**BC549408** |
| **DECLARATION OF DILIGENCE** | Ref. No. or File No.:     **658-03490** |

I received the within process on  December 17, 2014 and that after due and diligent effort I have not been able to personally serve said person. I made the following attempts on the dates and times listed below to effect personal service. Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

Servee: **TODD DIAMOND, AN INDIVIDUAL**

Documents: **CONFORMED FIRST AMENDED COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE**

As enumerated below:

**December 21, 2014 -- 2:24 PM**          4114 COLLWOOD LANE
                                          SAN DIEGO, CA 92115

No answer at door. No cars.

**December 24, 2014 -- 3:57 PM**          4114 COLLWOOD LANE
                                          SAN DIEGO, CA 92115

No answer at door.

**December 28, 2014 -- 6:23 PM**          4114 COLLWOOD LANE
                                          SAN DIEGO, CA 92115

No answer at door. No lights on.

**January 01, 2015 -- 7:20 AM**          4114 COLLWOOD LANE
                                          SAN DIEGO, CA 92115

No answer at door. Marked the door.

**January 04, 2015 -- 1:13 PM**          4114 COLLWOOD LANE
                                          SAN DIEGO, CA 92115

No answer at door. Marker gone.

**Continued on Next Page**

County: **San Diego**
Registration No.: **1232**
Janney & Janney Attorney Service, Inc.
1545 Wilshire Blvd., Suite 311
Los Angeles, CA 90017
(213) 628-6338

I declare under penalty of perjury under the laws of the State of California the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on: January 09, 2015 at San Diego, California.

Signature: _____
                        **William P. Gager, Jr.**

**DECLARATION OF DILIGENCE**

Order#: LA412151606 /DilFormat.mdl

EXHIBIT E
85

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| JOHN K. FLOCK          SBN: 200183 | |
| BRADLEY & GMELICH | |
| 700 N. BRAND BLVD. 10TH. FL.   GLENDALE, CA 91203 | |
| TELEPHONE NO.: **(818) 243-5200**      FAX NO.*(Optional):*   **(818) 243-5266** | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* **:** | |

| Los Angeles County Superior Court - Stanley Mosk | |
|---|---|
| STREET ADDRESS: **111 N. Hill St.** | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: **Los Angeles, CA 90012** | |
| BRANCH NAME: **Central** | |

| PLAINTIFF/PETITIONER:  THE PERFECT EVENT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  BOSWORTH, ET AL. | **BC549408** |

| **DECLARATION OF DILIGENCE** | Ref. No. or File No.: **658-03490** |
|---|---|

I received the within process on  December 17, 2014 and that after due and diligent effort I have not been able to
personally serve said person.  I made the following attempts on the dates and times listed below to effect personal
service.  Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

Servee:  **TODD DIAMOND, AN INDIVIDUAL**

Documents:  **CONFORMED FIRST AMENDED COMPLAINT; NOTICE OF CASE MANAGEMENT
CONFERENCE**

As enumerated below:

**Continued from Previous Page**

**January 08, 2015 -- 7:29 PM**          4114 COLLWOOD LANE
                                        SAN DIEGO, CA 92115

Substituted service effected by leaving with "John Doe" who lives with subject. He verified the adress and
then went in to talk with subject, but came back out and stated that he was not home. He refused to take
papers, therefore I announced service and placed the documents on the door.

County:  **San Diego**
Registration No.:  **1232**



Janney & Janney Attorney Service, Inc.
1545 Wilshire Blvd., Suite 311
Los Angeles, CA 90017
(213) 628-6338

I declare under penalty of perjury under the laws of the State
of California the foregoing information contained in the
return of service and statement of service fees is true and
correct and that this declaration was executed on: January
09, 2015 at San Diego, California.

Signature: _____
                **William P. Gager, Jr.**

**DECLARATION OF DILIGENCE**

Order#: LA412151606 /DilFormat.mdl

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)<br>·JOHN K. FLOCK            SBN: 200183<br>**BRADLEY & GMELICH**<br>700 N. BRAND BLVD. 10TH. FL., GLENDALE, CA 91203<br><br>TELEPHONE NO.: **(818) 243-5200**       FAX NO.(Optional): (818) 243-5266<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): : | FOR COURT USE ONLY |
|---|---|
| **Los Angeles County Superior Court - Stanley Mosk**<br><br>STREET ADDRESS: **111 N. Hill St.**<br><br>MAILING ADDRESS:<br><br>CITY AND ZIP CODE: **Los Angeles, CA 90012**<br><br>BRANCH NAME: **Central** | |

| PLAINTIFF/PETITIONER: THE PERFECT EVENT<br><br>DEFENDANT/RESPONDENT: BOSWORTH, ET AL. | CASE NUMBER:<br><br>**BC549408** |
|---|---|
| **PROOF OF SERVICE BY MAIL** | Ref. No. or File No.:<br>**658-03490** |

I am a citizen of the United States and employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1545 Wilshire Blvd., Los Angeles, CA 90017.

On January 09, 2015, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of the:

**CONFORMED FIRST AMENDED COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE**

to the defendant in said action by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at SAN DIEGO, California, addressed as follows:

**TODD DIAMOND, AN INDIVIDUAL**

**4114 COLLWOOD LANE**
**SAN DIEGO, CA 92115**

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at SAN DIEGO, California in the ordinary course of business.

Fee for Service: 85.00

Janney & Janney Attorney Service, Inc.
4891 Pacific Hwy., Suite 102
San Diego, CA 92110
(619) 231-9811

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on January 09, 2015.

Signature: _____

William P. Gager, Jr.

**PROOF OF SERVICE BY MAIL**

Order#: LA412151606 /mailproof

EXHIBIT E
87

# Exhibit F

1 | Barry A. Bradley, Esq., State Bar No. 125353
    *bbradley@bglawyers.com*
2 | John K. Flock, Esq., State Bar No. 200183
    *jflock@bglawyers.com*
3 | Laura M. LeFeuvre, Esq., State Bar No. 291964
    *LLeFeuvre@bglawyers.com*
4 | BRADLEY & GMELICH
    700 North Brand Boulevard, 10th Floor
5 | Glendale, California 91203-1422
    Telephone:    (818) 243-5200
6 | Facsimile:    (818) 243-5266

7 | Attorneys for Plaintiff,
    THE PERFECT EVENT INC., dba EXTREME
8 | ENTERTAINMENT

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 14 2015

Sherri R. Carter, Executive Officer/Clerk
By Raul Sanchez, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| THE PERFECT EVENT INC., a California Corporation dab EXTREME ENTERTAINMENT,<br><br>           Plaintiff,<br><br>       vs.<br><br>KOREY BOSWORTH an Individual; TODD DIAMOND an Individual; THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin Corporation; SUPREME GREEKS dba SD GREEK LIFE, a business entity, form unknown; and DOES 1 through 50, Inclusive,<br><br>           Defendant. | Case No. BC549408<br>*(Assigned to the Hon. Robert L. Hess)*<br><br>**NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE**<br><br>**Date:**    **April 14, 2015**<br>**Time:**    **8:30 a.m.**<br>**Dept.:**    **24**<br><br>Complaint Filed:    June 20, 2014<br>Trial Date:    None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that the Case Management Conference came on regularly for hearing on January 12, 2014, at 8:30 a.m., in Dept. 24, before the Honorable Robert L. Hess. John Flock, Esq. appeared on behalf of Plaintiff, The Perfect Event Inc., dba Extreme Entertainment. R. Scott Sokol, Esq. appeared on behalf of defendant, Korey Bosworth. The Court continued the Case Management Conference to **April 14, 2015 at 8:30 a.m., in Dept. 24** of the above-entitled

EXHIBIT F
88

BRADLEY & GMELICH

1   Dated: January 13, 2015                BRADLEY & GMELICH

2

3

4                                          By: _____

5                                              Barry A. Bradley
                                               John K. Flock
                                               Laura M. LeFeuvre
6

7                                          Attorneys for Plaintiff,
                                           THE PERFECT EVENT INC., dba EXTREME
8                                          ENTERTAINMENT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                EXHIBIT F
                                   89      2
        NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE

BRADLEY & GMELICH

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 700 North Brand Boulevard, 10th Floor, Glendale, California 91203.

On January 13, 2015, I served true copies of the following document(s) described as **NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE** on the interested parties in this action as follows:

R. Scott Sokol, Esq.
Allison L. Jones, Esq.
GORDON & REES, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: 619-696-6700
Facsimile: 619-696-7124
*ssokol@gordonrees.com*
*ajones@gordonrees.com*
***Attorneys for Defendant, KOREY BOSWORTH***

Todd Diamond
4114 Collwood Lane
San Diego, CA 92114
***Defendant in pro per***

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Bradley & Gmelich's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 13, 2015, at Glendale, California.

Belinda A. Porras

BRADLEY & GMELICH

EXHIBIT F
90

# Exhibit G

*

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gary J. Bradley, Esq., SBN 144055<br>John K. Flock, Esq. SBN 200183<br>BRADLEY & GMELICH<br>700 N. Brand Blvd., 10th Floor<br>Glendale, CA 91203<br>TELEPHONE NO.: (818) 243-5200    FAX NO. *(Optional):* (818) 243-5266<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, The Perfect Event, Inc. dba Extreme Entertainment | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, CA 90012-3014
BRANCH NAME: Central District

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 24 2015

Sherri R. Carter, Executive Officer/Clerk

By Suzanne Wong, Deputy

PLAINTIFF/PETITIONER: THE PERFECT EVENT, INC., a California Corporation dba EXTREME ENTERTAINMENT

DEFENDANT/RESPONDENT: Korey Bosworth, et al.

| REQUEST FOR | [X] Entry of Default | [ ] Clerk's Judgment | CASE NUMBER: |
|---|---|---|---|
| (Application) | [ ] Court Judgment | | BC549408   D-24 |

1. TO THE CLERK: On the complaint or cross-complaint filed
  a. on *(date):* December 10, 2014 (First Amended Complaint)
  b. by *(name):* THE PERFECT EVENT, INC., a California Corporation dba EXTREME ENTERTAINMENT
  c. [X] Enter default of defendant *(names):* Todd Diamond (served on January 8, 2015)

  d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

    *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
  e. [ ] Enter clerk's judgment
    (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
      [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
    (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
    (3) [ ] for default previously entered on *(date):*

2. Judgment to be entered.

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint . . . . . . . . . . . . $ | $ | $ | |
| b. Statement of damages * | | | |
|   (1) Special  . . . . . . . . . . . . . . . . . . $ | $ | $ | |
|   (2) General . . . . . . . . . . . . . . . . . . $ | $ | $ | |
| c. Interest . . . . . . . . . . . . . . . . . . . . . $ | $ | $ | |
| d. Costs *(see reverse)* . . . . . . . . . . . . $ | $ | $ | |
| e. Attorney fees . . . . . . . . . . . . . . . . . $ | $ | $ | |
| f. TOTALS . . . . . . . . . . . . . . . . . . . . $ | $ | $ | |

  g. **Daily damages** were demanded in complaint at the rate of: $    per day beginning *(date):*
*(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*
3. [ ] *(Check if filed in an unlawful detainer case)* Legal document assistant or unlawful detainer assistant information is on the reverse *(complete item 4).*

Date: February 23, 2015

John K. Flock, Esq.
      (TYPE OR PRINT NAME)    ▶    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| | (1) [X] Default entered as requested on *(date):* | FEB 24 2015 | SHERRI R. CARTER |
|---|---|---|---|
| **FOR COURT USE ONLY** | (2) [ ] Default NOT entered as requested *(state reason):* | | |
| | | Clerk, by: S. Wong | , Deputy |

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-100 [Rev. January 1, 2007] | REQUEST FOR ENTRY OF DEFAULT<br>(Application to Enter Default) | Legal Solutions Plus | Code of Civil Procedure,<br>§§ 585-587, 1169 |

CIV-100

| PLAINTIFF/PETITIONER: THE PERFECT EVENT, INC., a California Corporation dba EXTREME ENTERTAINMENT<br>DEFENDANT/RESPONDENT: Korey Bosworth, et al. | CASE NUMBER:<br>BC549408 |
| --- | --- |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☐ did **not** for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

   a. Assistant's name:
   b. Street address, city, and zip code:

   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date):*

5. ☒ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action
   a. ☐ is ☒ is not   on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is ☒ is not   on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☒ is not   on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing** *(Code Civ. Proc., § 587).* A copy of this *Request for Entry of Default* was
   a. ☐ **not mailed** to the following defendants, whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names):*

   b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
     (1) Mailed on *(date):* February 24, 2015
     (2) To *(specify names and addresses shown on the envelopes):*
     Todd Diamond
     4114 Collwood Lane
     San Diego, CA 92115

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: February 24, 2015

Belinda A. Porras
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . $
   b. Process server's fees . . . . . . . . . . . . . . . . $
   c. Other *(specify):* . . . . . . . . . . . . . . . . . . . . $
   d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

8. ☐ **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

**EXHIBIT G**

JOHN K. FLOCK
BRADLEY & GMELICH
700 N. BRAND BLVD. 10TH. FL.  GLENDALE, CA 91203
Attorney For:

TELEPHONE NO.: (818) 243-5200      FAX NO. (Optional): (818) 243-5266
E-MAIL ADDRESS (Optional):

SENT 200183

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JAN 1 6 2015

Sherri R. Carter, Executive Officer/Clerk

BY: ORISTEL MOBINSON

Los Angeles County Superior Court - Stanley Mosk
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PLAINTIFF (name each): THE PERFECT EVENT
DEFENDANT (name each): BOSWORTH, ET AL.

CASE NUMBER:
BC549408

| PROOF OF SERVICE | HEARING DATE: | DAY: | TIME: | DEPT.: | Ref No. or File No.: 658-03490 |
|---|---|---|---|---|---|

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND I SERVED COPIES OF THE:

CONFORMED FIRST AMENDED COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE

PARTY SERVED:        TODD DIAMOND, AN INDIVIDUAL

BY LEAVING WITH:     "JOHN DOE" (refused name) - CO-OCCUPANT

DATE & TIME OF DELIVERY:    1/8/2015
                            7:29 PM

ADDRESS, CITY, AND STATE:
                            4114 COLLWOOD LANE
                            SAN DIEGO, CA 92115

PHYSICAL DESCRIPTION:    Age: 30      Weight: 200        Hair: brn
                         Sex: Male    Height: 6'1"       Eyes:
                         Race: Blk                Marks:

MANNER OF SERVICE:

Substituted Service - By leaving the copies with or in the presence of "JOHN DOE" (refused name) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the person served. I informed him/her of the general nature of the papers.

A declaration of diligence is attached.

Thereafter the copies were mailed to the person served, addressed as shown in above address, by first-class mail, postage prepaid, on January 09, 2015 from SAN DIEGO. See attached proof of service by mail.

Fee for Service: 85.00
County:  San Diego
Registration No.:  1232
Janney & Janney Attorney Service, Inc.
1545 Wilshire Blvd., Suite 311
Los Angeles, CA 90017
(213) 628-6338

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on:  January 09, 2015.

Signature:

William P. Gager, Jr.

**PROOF OF SERVICE**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address)<br>  JOHN K. FLOCK                                                  SBN: 200183<br>  BRADLEY & GMELICH<br>  700 N. BRAND BLVD, 10TH. FL.  GLENDALE, CA 91203 | FOR COURT USE ONLY |
|---|---|
| ——TELEPHONE NO.: **(818) 243-5200** ———··· ——————— ····—FAX NO.(Optional):   ·(818) 243-5266   ·———<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):  : | |

| Los Angeles County Superior Court - Stanley Mosk | |
|---|---|
| STREET ADDRESS: **111 N. Hill St.** | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: **Los Angeles, CA 90012** | |
| BRANCH NAME: **Central** | |

| PLAINTIFF/PETITIONER:  THE PERFECT EVENT<br><br>DEFENDANT/RESPONDENT:  BOSWORTH, ET AL. | CASE NUMBER:<br><br>**BC549408** |
|---|---|
| **DECLARATION OF DILIGENCE** | Ref. No. or File No.:<br>**65B-03490** |

I received the within process on December 17, 2014 and that after due and diligent effort I have not been able to
personally serve said person. I made the following attempts on the dates and times listed below to effect personal
service. Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

Servee:  **TODD DIAMOND, AN INDIVIDUAL**

Documents:  **CONFORMED FIRST AMENDED COMPLAINT; NOTICE OF CASE MANAGEMENT
CONFERENCE**

As enumerated below:

**December 21, 2014 -- 2:24 PM**                4114 COLLWOOD LANE
                                               SAN DIEGO, CA 92115

No answer at door, No cars.

**December 24, 2014 -- 3:57 PM**                4114 COLLWOOD LANE
                                               SAN DIEGO, CA 92115

No answer at door.

**December 28, 2014 -- 6:23 PM**                4114 COLLWOOD LANE
                                               SAN DIEGO, CA 92115

No answer at door, No lights on.

**January 01, 2015 -- 7:20 AM**                 4114 COLLWOOD LANE
                                               SAN DIEGO, CA 92115

No answer at door, Marked the door.

**January 04, 2015 -- 1:13 PM**                 4114 COLLWOOD LANE
                                               SAN DIEGO, CA 92115

No answer at door. Marker gone.

**Continued on Next Page**

County:  **San Diego**
Registration No.:  **1232**
Janney & Janney Attorney Service, Inc.
1545 Wilshire Blvd., Suite 311
Los Angeles, CA 90017
(213) 626-6338



I declare under penalty of perjury under the laws of the State
of California the foregoing information contained in the
return of service and statement of service fees is true and
correct and that this declaration was executed on: January
09, 2015 at San Diego, California.

Signature:_____
                    **William P. Gager, Jr.**

**DECLARATION OF DILIGENCE**

Order#: LA412151606 /DilFormat.mdl

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | | *FOR COURT USE ONLY* |
|---|---|---|
| JOHN K. FLOCK   SBN: 200183 | | |
| BRADLEY & GMELICH | | |
| 700 N. BRAND BLVD, 10TH. FL.   GLENDALE, CA 91203 | | |
| TELEPHONE NO.: (818) 243-5200   FAX NO.*(Optional)*: (818) 243-5266 | | |
| E-MAIL ADDRESS *(Optional)*: | | |
| ATTORNEY FOR *(Name)*: | | |

Los Angeles County Superior Court - Stanley Mosk

STREET ADDRESS: 111 N. Hill St.

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Central

| PLAINTIFF/PETITIONER:  THE PERFECT EVENT | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  BOSWORTH, ET AL. | BC549408 |
| **DECLARATION OF DILIGENCE** | Ref. No. or File No.:   868-03490 |

I received the within process on  December 17, 2014 and that after due and diligent effort I have not been able to personally serve said person.  I made the following attempts on the dates and times listed below to effect personal service.  Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

      Servee:  **TODD DIAMOND, AN INDIVIDUAL**

      Documents:  **CONFORMED FIRST AMENDED COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE**


As enumerated below:

**Continued from Previous Page**

January 08, 2015 – 7:29 PM      4114 COLLWOOD LANE
                              SAN DIEGO, CA 92115
Substituted service effected by leaving with "John Doe" who lives with subject. He verified the adress and then went in to talk with subject, but came back out and stated that he was not home. He refused to take papers, therefore I announced service and placed the documents on the door.



County:  San Diego
Registration No.:  1232
Janney & Janney Attorney Service, Inc.
1545 Wilshire Blvd., Suite 311
Los Angeles, CA 90017
(213) 626-6338

I declare under penalty of perjury under the laws of the State of California the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on: January 09, 2015 at San Diego, California.

Signature: _____
                William P. Gager, Jr.

**DECLARATION OF DILIGENCE**

Order#: LA412151606 /DilFormat.mdl

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | | FOR COURT USE ONLY |
|---|---|---|
| JOHN K. FLOCK                                                          SBN:  200183<br>BRADLEY & GMELICH<br>700 N. BRAND BLVD. 10TH. FL.,  GLENDALE, CA 91203 | | |
| TELEPHONE NO.: (818) 243-5200                    FAX NO.(Optional):  (818) 243-5266<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | | |
| Los Angeles County Superior Court - Stanley Mosk<br>    STREET ADDRESS: 111 N. Hill St.<br>    MAILING ADDRESS:<br>    CITY AND ZIP CODE: Los Angeles, CA 90012<br>    BRANCH NAME: Central | | |
| PLAINTIFF/PETITIONER: THE PERFECT EVENT<br><br>DEFENDANT/RESPONDENT: BOSWORTH, ET AL. | | CASE NUMBER:<br><br>BC549408 |
| **PROOF OF SERVICE BY MAIL** | | Ref. No. or File No.:<br>658-03490 |

I am a citizen of the United States and employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1545 Wilshire Blvd., Los Angeles, CA 90017.

On  January 09, 2015, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of the:

            CONFORMED FIRST AMENDED COMPLAINT; NOTICE OF CASE MANAGEMENT CONFERENCE

to the defendant in said action by placing a true  copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at SAN DIEGO, California, addressed as  follows:

        TODD DIAMOND, AN INDIVIDUAL

        4114 COLLWOOD LANE<br>
        SAN DIEGO, CA 92115

I am readily familiar with the firm's practice for  collection and processing of documents for mailing.  Under that practice, it would be  deposited within the United States Postal Service, on that same day, with postage   thereon fully prepaid at SAN DIEGO, California in the ordinary course of  business.

Fee for Service: 85.00

Janney & Janney Attorney Service, Inc.<br>
4891 Pacific Hwy., Suite 102<br>
San Diego, CA 92110<br>
(619) 231-9811

I declare under penalty of perjury under the laws of the The State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on  January 09, 2015.

Signature: _____<br>
           William P. Gager, Jr.

**PROOF OF SERVICE BY MAIL**

Order#: LA412151606 /mailproof

# Exhibit H

\*

STATE OF CALIFORNIA  BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY      GOVERNOR EDMUND G. BROWN JR.

**BUREAU OF SECURITY AND INVESTIGATIVE SERVICES**
P O Box 989002
West Sacramento CA 95798 9002
(916) 322-4000  (800)952 5210
www bsis ca gov



## PRIVATE PATROL OPERATOR QUALIFIED MANAGER
## QUALIFYING EXPERIENCE

**(Not required by Private Patrol Operator applicants who currently have a licensed Qualified Manager)**

The information on this form is used to determine experience qualifications of applicants for licensure and is requested pursuant to California Business and Professions Code section 7583 1  One form must be completed by each person (declarant) who is certifying the applicant s experience  The declarant section of the form must be completed by someone other than the applicant who has knowledge of the work experience claimed by the applicant. Use a separate form for each employer

### THIS SECTION TO BE COMPLETED BY THE APPLICANT

| 1 NAME OF APPLICANT |
|---|
| *Korey M Bosworth* |

| 2 RESIDENCE ADDRESS OF APPLICANT    NUMBER AND STREET | CITY | STATE | ZIP CODE |
|---|---|---|---|

| 3 APPLICA | | | |
|---|---|---|---|
| Residence ( | Business ( *619* ) *550* - *1241* | | |

| 4 NAME OF EMPLOYER FROM WHOM APPLICANT ACQUIRED EXPERIENCE | 5 NAME OF IMMEDIATE SUPERVISOR |
|---|---|
| *Toko Events  LLC* | *Self* |

| 6 ADDRESS OF ABOVE EMPLOYER    STREET | CITY | STATE | ZIP CODE | 7 EMPLOYER S BUSINESS TELEPHONE NUMBER |
|---|---|---|---|---|
| *4400 Arlen Ct* | *Plano* | *TX* | *75093* | ( *972* ) *979  8830* |

### THIS SECTION TO BE COMPLETED BY THE DECLARANT

The declarant is the person who certifies or attests to the applicant s experience  The information given is important to the applicant since it may help that person qualify for a Private Patrol Operator license  It is also important to the Bureau of Security and Investigative Services (Bureau) which uses it to determine if the applicant meets the experience requirements.

Please complete this form and return it to the applicant. Incomplete or inaccurate forms may be returned and/or may prevent or delay the applicant from qualifying for licensure  A Bureau representative may contact you by telephone or mail to verify statements or to get additional information regarding the applicant s experience qualifications  One year of experience is considered to be a minimum of 2,000 hours of compensated time for the specific license filed

The applicant may have several declarants  you may be certifying only part of the experience required  The total time required to obtain a Private Patrol Operator license is 2 000 hours of experience

| 8 NAME OF DECLARANT |
|---|
| *Todd Diamond* |

| 9 ADDRESS OF DECLARANT    NUMBER AND STREET | CITY | STATE | ZIP CODE |
|---|---|---|---|

| 10 DECLARA | | 11 DECLARANT'S LICENSE NUMBER IF LICENSED WITH THIS BUREAU |
|---|---|---|
| Residence ( | Business ( *619* ) *550- 1241* | |

| 12 NAME OF DECLARANT'S EMPLOYER |
|---|
| *Toko Events  LLC  DBA  SD Greek Life* |

| 13 ADDRESS OF DECLARANT'S EMPLOYER  NUMBER AND STREET | CITY | STATE | ZIP CODE |
|---|---|---|---|
| *7918 El Cajon Blvd  ste N #251* | *La Mesa* | *CA* | *91942* |

**CONTINUED ON OTHER SIDE**

31A-8 (Rev 03/2013)

12

## EXHIBIT H
97

**14 DECLARANT'S RELATIONSHIP TO APPLICANT**
☐ PRESENT EMPLOYER   ☐ FORMER EMPLOYER   ☐ PRESENT SUPERVISOR   ☐ FORMER SUPERVISOR
☒ OTHER (Give full explanation in Additional Comments section )

**15 DECLARANT HAS PERSONALLY KNOWN APPLICANT FOR** ___ YEARS ___ MONTHS

**16 APPLICANT EMPLOYED BY EMPLOYER NAMED IN BOX NUMBER (4) FOR** 2 YEARS 5 MO THIS

17 Describe in detail the employment duties of the applicant during the period that you are declaring. Please indicate the percentage of time performing the types of duties listed in the box on the right. (Percentages must be shown )

**POSITION TITLE**
Owner / Guard

**TOTAL HOURS ACCUMULATED**
4,300

**EXACT DATES OF EMPLOYMENT** (Include Month, Day and Year)
FROM March 2012 TO Present

**DESCRIPTION OF DUTIES**

Typical guard and watchman duties.
Secure area and protect guest in attendance

**IS/WAS APPLICANT**
Full time ☒   Part time ☐
If Part time number of hours worked per
Week _____ or Month _____

On Payroll?   Yes ☒ No ☐
Subcontractor?   Yes ☐ No ☒
Other ☐

(Please use the space in the Additional Comments section for explanation )

**PERCENTAGE OF TIME (s)**
Patrol Person _____
Watchman 65%
Consulting _____
Office (Explain ) 35%
Other (Explain) _____

(Please use the space in the Additional Comments section for explanation )

**ADDITIONAL COMMENTS**

Other duties: Payroll, accounts receivable and payable,
Staffing, and administrative duties

Declarants Relationship
- Present Director of Operations

Per Civil Code section 1798 17 (Information Practices Act) the chief of the Bureau is responsible for maintaining the information in this application. This information may be transferred to other governmental and enforcement agencies. Individuals have the right to review the records maintained on them by the agencies, unless the records are exempt by California Civil Code section 1798 40

The undersigned hereby declares under penalty of perjury under the laws of the State of California, that all statements contained here are true and correct

**SIGNATURE OF DECLARANT** _____
**TITLE** Director of Operations
**DATE** 7/15/14

JIA 8 (Rev 03/2013)

13

CALIFORNIA BUREAU OF SECURITY AND INVESTIGATIVE SERVICES

[5607480-01] 7